

FILED
RICHARD W. HAGEL
CLERK OF COURT
21 APR -8 AM 10: 59

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

Quang Vo

Plaintiff,

vs.

Ohio Department of Jobs and Family
Services- (Warren County Children
Services),

Kyla New, in individual capacity,

Kelly Carpenter, in Individual capacity

Defendants

Case No. 1:21CV241

VERIFIED COMPLAINT AND PETITION FOR
WRIT OF HABEAS CORPUS





Comes Now **QUANG VO** (Proceeding *Pro se,* hereafter Plaintiff) who files this verified
Complaint for Declaratory and Injunctive Relief against Defendants; Ohio Department of Jobs and
Family Services (hereinafter Warren County Children Service (defendant WCCS)), Kyla New, in
individual (defendant Kyla); Kelly Carpenter, in Individual (collectively defendants) and states as
follows:

## A. INTRODUCTION

1. Plaintiff brings this action against defendants which allegedly carried out the State of Ohio's
   policies regarding improper removal of children, improper medical and psychological
   examinations, as well as other unconstitutional policies.

2. Plaintiff pro se further brings this action under 42 U.S.C. § 1983 alleging various claims
   regarding the removal of his four children A.V. (daughter), E.V.(daughter), I.V. ( Son), and
   O.V. (son) from the custody of Plaintiff and his wife without his consent or proper court
   proceeding to determine his children's welfare and terms for the child's custody and foster
   parents' selection.

3. Federal Civil rights abuse of power lead to suit being filed in Federal Court, this suit asks for
   Relief of all orders made in violation of the law, Due process of law be allowed, and further
   issue relief as the court deems appropriate.

4. In a limited government, a government limited by the constitution, the violation of a citizen's

rights should never be justified due to the overriding government goals or objectives, and that no branch of the government be allowed to extend its power beyond it legal limits. The above issues are one of the outstanding reasons of the 4th and 14th amendments framers of the constitution. In a government of the people, it is a threat to our way of life if to allow Government actors to ignore the guidelines that define their power.

## B. JURISDICTION

5. Plaintiff four minor children are currently detained under the authority of defendant, Warren County Children Service, at the time of filing, Plaintiff's children were physically present with the Defendant Warren County Children Service foster custody, by a court order under Deprivation of Rights Under the Color of Law.

6. Defendants Kelly Carpenter and Kyla New can be sued in their individual capacities for violation of plaintiff's 4th and 14th Amendment rights. They lose their "immunity" under "Deprivation of Rights Under the Color of Law" and must be sued in their "Official and Individual" capacity in order to succeed in a §§ 1983 and 1985 civil rights lawsuit.

7. Plaintiff brings this action against defendants regarding improper removal his children, improper medical and psychological examinations, as well as other Constitutional violations by defendants.

8. This court has subject matter jurisdiction subject to the All Writs Act, 28 U.S.C. § 1651; the Administrative Procedure Act, 5 U.S.C § 701; and for injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

9. Plaintiff's children's current detention in the foster facility of defendant constitutes a "severe restraint on Plaintiff's individual liberty," such that Plaintiff's minors are "in custody in violation of the . . . laws . . . of the United States." See Hensley v. Municipal Court, 411 U.S. 345, 351 (1973); 28 U.S.C. § 2241(c)(3).

10. Plaintiff brings this action against **Defendants** in their individual and official capacities, based upon the continuing violations of Plaintiffs' federal civil protected rights under the 1st, 5th, 6th, and 7th and 8th Amendments to the United States Constitution.

11. HIPAA- claims is properly before the United States District Court pursuant to 28 U.S.C. Section 1331 as this is case or controversies which arise under the laws of the United States.

12. Jurisdiction exists pursuant to 42 U.S. Code § 1985 for conspiracy to interfere with civil rights of Plaintiff for the purpose of impeding, hindering, obstructing, or defeating, in any manner,

the due course of justice in the state of Ohio, with intent to deny Plaintiff the equal protection of the laws, or to deprived plaintiff's right to liberty, parental right and detention of plaintiff's son, restrain of plaintiff without procedural due process of law.

## C. VENUE

13. Venue is proper under 42 U.S. Code § 1985 a civil right claim is a question of federal constitutional law. All the events alleged herein occurred within the State of Ohio, and all of the parties are agents of the state of Ohio, they are Judges in their official capacity and are residents of the state of Ohio.

## D. EXHAUSTION OF ADMINISTRATIVE REMEDIES

14. This Court also should not require Plaintiff to exhaust his administrative remedies. First, the Supreme Court has recognized that courts should not require exhaustion where there is an unreasonable or indefinite timeframe for administrative action.

15. Exhaustion is thus not appropriate where plaintiff "may suffer irreparable harm if unable to secure immediate judicial consideration of his claim." Id. at 147. Plaintiff's Children have a constitutionally protected liberty interest in his freedom from defendant WCCS,

16. Defendant's unlawful indefinite detention constitutes irreparable harm. See SeretseKhama v. Ashcroft, 215 F. Supp.2d 37, 53 (D.D.C. 2002); Hardy v. Fischer, 701 F.Supp. 2d 614, 619 (S.D.N.Y. 2010) (threat of unlawful detention and reimprisonment would constitute quintessential irreparable harm).

17. Second, exhaustion is not required where the Plaintiff challenges the constitutionality of the agency procedure itself, "such that the question of the adequacy of the administrative remedy is for all practical purposes identical with the merits of the plaintiff's lawsuit." McCarthy, 503 U.S. at 148 (internal brackets omitted).

18. In this case, Plaintiff is challenging the constitutionality of any administrative procedures by which defendants review the detention and continues restrain of plaintiff's minor in their foster custody and subsequent termination of plaintiff's parental rights without due process of law under deprivation of color of law.

## E. PARTIES

19. Plaintiff Quang Vo (plaintiff Pro se) is a citizen of the United States and a resident of 301

Willowood Dr. Springboro, OH 45066

20. Defendant Kelly Carpenter in her individual capacity is a citizen of the United States and a resident of the State of Ohio at all material times proceeding this lawsuit, is (was}the Administration of shelters; the case worker assigned thereto

21. Defendant Kyla New in her individual capacity is a citizen of the United States and a resident of the State of Ohio at all material times proceeding this lawsuit, is (was}the case worker assigned

22. Kelly Carpenter and Kyla New in their official capacities are employees of Warren County Children Services 416 South East St. Lebanon, OH 45036

23. Defendant Ohio Department of Jobs and Family Services is the administrative department of the Ohio state government responsible for supervising the state's public assistance, workforce development, unemployment compensation, child and adult protective services, adoption, childcare, and child support programs. The Warren County Children Services (WCCS) is the local administrative body responsible to protects and promotes safety and well-being of Warren County children and families by providing child welfare, juvenile justice, and early care and education services. Plaintiff's children are currently being unlawfully detained under the direction of co-defendants. Warren County Children Services is mandated by the Ohio Revised Code to provide specific services to the community, such as emergency services, protective in-home services, emergency shelter, unmarried parent services, protective services, child placement services, counseling, adoption services, supplementary services and care, and administrative and supportive services.

24. Defendants in concert with one another and practices caused the deprivation of Plaintiff's constitutional and statutory rights.

25. Plaintiff is informed and therefore believe and, on that basis, allege that at all time, each of the said Defendants at all relevant times herein, were acting within the scope and consent of the remaining defendants.

### F. SUMMARY OF FACTS

26. Plaintiff pro se brings this action alleging various claims regarding the wrongful removal, wrongful detention, and inadequate care and custody of his four children who had been removed from the custody of Plaintiff and his wife without consent and or by Deprivation of Rights Under the Color of Law in violation of plaintiff's 4th and 14th Amendment rights.

Plaintiff was denied the right to determine his children welfare and terms for the children custody and foster parents' selection.

27. Plaintiff and his wife Heather Vo (hereafter Heather) have four minor children to wit: A.V. (daughter), E.V.(daughter), I.V. ( Son), and O.V. (son)

28. At all-time material to this lawsuit Plaintiff is an independent being with a mind of his own and can represent himself and matters pertaining to his life.

29. The background to this unlawful act of the defendants is that on or before October 2018, plaintiff moved out of the house into a condo (where he currently resides). Due to the fact that Heather and plaintiff separated and were planning to file for a divorce after being married for thirteen years since 04/06/05, though the divorce proceeding, it was contentious and therefore a Gaudian ad litem was appointed, but later divorce proceedings were abandoned.

30. At all material time, the children have been residence with either plaintiff or Heather and her mother.

31. Plaintiff avers that sometime in December 2019, himself and Heather both tested positive for drugs via a hair follicle test in January of 2020. Hair Follicle test go back 100 days and Heather tested positive for cocaine and plaintiff tested positive for cocaine and meth,

32. Plaintiff avers that on or before January of 2020 Gaudian ad litem referred Warren County Children Services (WCCS) to plaintiff's case.

33. When WCCS started investigating, part of their investigation process is to give Plaintiff and Heather random saliva drug screens. Results of each drug screen would be discussed.

34. On July 17th, 2020 plaintiff and Heather were coerced, and while under duress hesitantly agreed to place children on a safety plan with Roberta (maternal grandmother). Roberta moved in with Heather and her boyfriend in order to help facilitate the voluntary safety plan.

35. On August 26, 2020 Warren County Children Services (WCCS) filed a Complaint in which a SHELTER CARE HEARING was slated to be heard on the same date without due process of law.

36. While proper notice was not given to Plaintiff, Plaintiff just got a text from defendant Kyla New, (the case worker for WCCS) around 9:30am notifying plaintiff of the emergency shelter

care hearing at 3:00pm.

37. Due to the short notice, Plaintiff was unable to retain legal counsel in that time, when the hearing started, Plaintiff asked for a continuance in order to retain legal counsel. But was denied a legal counsel.

38. Defendant Kyla alleged that Heather was using methamphetamine based on positive oral swab drug screens

39. Defendant Kyla alleged that Roberta (maternal grandmother), stated that she could no longer watch the children to the defendant.

40. Defendant Kyla alleged Heather was homeless and living in her car.

41. Defendant Kyla alleged that she and plaintiff have not communicated since July 2020.

42. Defendants files for temporary custody based on defendant Kyla's willfully false allegations, WCCS had concerns for the children's lack of stable residency (Kyla used the term "permanency") and felt it was in the best interest of the children that the court grant WCCS temporary custody.

43. Upon information and believe, Defendant Kyla never notified Heather of the positive drug screen. Plaintiff avers that the purpose of screening is to gather the detailed information in order to assess and determine whether a treatment plan is needed.

44. Defendant Kyla presented no lay witnesses, expert testimony, or third-party affidavits to support her position.

45. Defendant Kyla lies in court to make emergency of her own to get a court order granting custody, defendant Kyla was the sole live witness for WCCS for the Shelter Care Hearing

46. While a fact finding will show that Defendant Kyla lied about no communication with plaintiff since July 2020 when in fact, plaintiff has been communicating with Defendant Kyla up until mid-August. Plaintiff shall rely on correspondence with Defendant Kyla as exhibit in this lawsuit (marked as Exhibit A).

47. Plaintiff avers that judgment based solely on false declarations and affidavit without calling of

live witness opportunity to cross examine constitutes a deprivation of interest, liberty, life, and property without that procedural due process required by the fourteenth amendment to the United States Constitution

48. At the time of WCCS Emergency Shelter Care Hearing the children were with Heather and Heather's mother. Heather was not using meth, but in actuality clean, but because defendant WCCS never notified Heather of those positive results, she never had an opportunity to dispute them. When she did have the opportunity to dispute them, Heather's request for verification of drug screen was denied defendant WCCS.

49. Defendant WCCS was granted temporary custody at the end of the Shelter Care Hearing.

50. Court required that both Heather and Plaintiff get a drug/alcohol assessment completed.

51. Defendant WCCS filed a Complaint for Adjudication dependency, neglect or abuse on the September 3, 2020 with a summons on for hearing on September 23, 2020.

52. Plaintiff got his drug and alcohol assessment completed before the Adjudication Hearing and was recommended by his Therapist that NO SERVICES required at this time. The court failed to take into consideration the drug and alcohol assessment even though there was no service recommended. A copy is attached as exhibit at the hearing of this suit. (marked as Exhibit B)

53. On October 21, 2020, the Adjudication Hearing started.

54. Plaintiff was denied due process of law when the Magistrate affirms the Temporary custody, even though there was no evidence of neglect, or abuse.

55. Plaintiff was denied due process of law when the Judge affirms the Temporary custody, even though the result showed that the Drug/Alcohol Assessment results of no service recommended by Plaintiff's Therapist.

56. Roberta Klosterman testifies at adjudication hearing that she never disclosed to Defendant Kyla she wouldn't or couldn't watch the children making the statements by defendant Kyla at shelter care hearing false.

57. Defendant Kyla admits on record at adjudication there was no imminent danger for the plaintiff's children at the day and time of the filing for temporary custody; Kyla states children

were removed primarily of WCCS concern for permanency (stable residency).

58. Defendant Kyla admits the voluntary safety plan document that defendant WCCS had Plaintiff and Heather sign was under threat of losing custody of children; if Plaintiff and his wife do not sign, they threaten to have kids removed from Plaintiff's custody; additionally, defendant Kyla admits in the adjudication that she knew Heather wasn't homeless, which is a direct contradiction to what she affirmed to in the shelter care hearing.

59. Plaintiff avers that when he shared his Drug/Alcohol Assessment results of no service recommended. The defendants accused him of lying to his therapist, the magistrate orders Plaintiff for another drug/alcohol assessment.

60. Plaintiff avers that he found out that defendant Kyla sent the therapist of the second drug/alcohol assessment an email detailing plaintiff's admitted drug use.

61. Plaintiff avers that he conducted a second clinical therapist determines that he does not have any drug/alcohol problem and that NO services is recommended at this time.

62. Defendant Kyla accused Heather of using meth, Kyla lied and said she did informed Heather of all drug screens results

63. Heather desperate to prove her innocents, gets a hair follicle test completed on 11/27/20, which goes back 100 days to before 08/26/20 Shelter Care Hearing. The 11/27/20 hair follicle test came back negative for all substances. Which contradicted about 60% of the positive meth screens for WCCS. It would have been 100% but 2 of the positive test results for WCCS were in June and July outside the time frame for the hair follicle. A copy of the result is attached as exhibit (marked as Exhibit C)

64. Plaintiff avers that in their quest to determine why his wife Heather was testing positive, they came to determined it was Heather Vick's nasal inhaler. I have a research report completed by the National Institute of Medicine that shows Vicks Nasal Inhalers can show up as a false positive in certain saliva drug screens, it is recommended that a chiral analysis be done on those examples to verify. A copy of the research will be available at the hearing of this lawsuit.

65. Plaintiff avers that Heather requested to defendant Kyla to have her positive drug screen be verified numerous times (by federal law, positive tests are kept for a year at the lab) to her

horror, her request was repeatedly denied by defendant WCCS.

66. Plaintiff avers that defendants denied his parental rights by use of false evidence, that was never verified, plaintiff was further prohibited to text or talk to his children unsupervised.

67. Kyla in her official capacity as the case worker conspired amongst with Defendant WCCS to deprive Plaintiff of his parental rights, allegedly manufacturing false statements and false evidence to be used against plaintiff, and improperly advising third parties that Plaintiff was guilty of misconduct.

68. Defendants in concert and conspire with one another filed a frivolous adjudication of neglect, or abuse, laying false allegation against plaintiff and Heather.

69. In this case, Plaintiff is challenging the constitutionality of any administrative procedures by which defendants review the detention and continues restrain of plaintiff's minor children in their custody when plaintiff's parental rights were limited without due process of law.

## FIRST CAUSE OF ACTION
### (HIPPA Violation) against all defendants

70. The facts contained in the preceding paragraphs are hereby reinstated and incorporated herein by reference.

71. Plaintiff is a covered entity and defendants violated plaintiff's health information privacy rights or committed other violation of the Privacy, Security, or Breach Notification Rules.

72. Plaintiff avers that the Health Insurance Portability and Accountability, (HIPAA), violations happen when the acquisition, access, use or disclosure of Plaintiff's Protected Health Information (PHI) is done in a way that results in a significant personal risk of the Plaintiff.

73. Defendants violate HIPAA when they disclose Plaintiff Protected Health Information (PHI) to his therapist and others by an email detailing plaintiff's admitted drug use.

74. Defendant's failure to perform an organization-wide risk analysis to identify risks to the confidentiality, integrity, and availability of protected health information (PHI) of a third party is in violation of HIPPA.

75. Defendants did not exercise any caution about the types of information that are released to third parties, without an authorization form

76. It is the responsibility of the covered entity to ensure that access to patient health information and medical records is only given to authorized individuals. As a result, plaintiff has suffered damages.

77. In addition to the aforementioned conditions, Plaintiff has sustained and undergone treatment for various other illnesses since the unnecessarily stress defendant put plaintiff into, without limitation: plaintiff have suffered extreme fatigue, and increased anxiety

## SECOND CAUSE OF ACTION
### (Violation of the Fifth and Fourteenth Amendments Right to Due Process) against all defendants

78. Plaintiff hereby incorporates all other paragraphs of the Complaint as if fully set forth herein.

79. Plaintiff avers that defendant violated the fifth and fourteenth amendments right to due process which encompassing parental rights to enjoy the companionship and society of one's children

80. Plaintiff avers that procedural due process prevents the deprivation of one's life, liberty, or property without appropriate procedures to safeguard one's interests. *Cleveland Bd. of Educ. v. Loudermill* 470 U. S. 538-541 (The Due Process Clause provides that the substantive rights of life, liberty, and property cannot be deprived except pursuant to constitutionally adequate procedures... an individual must be given an opportunity for a hearing *before* he is deprived of any significant property interest requires "some kind of hearing")

81. The defendant's wrongful detention, and inadequate care and custody of the child who had been removed from the custody of Plaintiff without his consent.

82. Defendants acted under Deprivation of Rights Under the Color of Law when Plaintiff asked for a continuance in order to retain legal counsel for the temporary shelter care hearing as was denied legal counsel.

83. Defendants conduct was under Deprivation of Rights Under the Color of Law when there was no proper notice given to Plaintiff, Plaintiff just got a text from defendant Kyla New, (the case

worker for WCCS), around 9:30am, that there is an emergency shelter care hearing at 3:00pm. Due to the short notice, Plaintiff was unable to retain legal counsel at the time, when the hearing started, Plaintiff asked for a continuance in order to retain legal counsel but was denied.

84. Defendant WCCS acted under Deprivation of Rights Under the Color of Law when they lied to the Judge in order to get a court order granting WCCS temporary custody in violation of the 4th and 14th Amendment rights, which is a civil rights violation under § 1983 and conspiracy against rights covered under § 1985.

85. Plaintiff avers that the 4th Amendment protection against unreasonable searches and seizures extends beyond criminal investigations and includes conduct by social workers in the context of a child neglect/abuse investigation.

86. Plaintiff avers that in context of a seizure of a child by the State during an investigation ... a court order is the equivalent of a Warrant. Making false statements to obtain a court order, when the false statements were necessary to the finding of cause on which the court order was based, violates the 4th Amendment. The warrant clause contemplates the warrant applicant be truthful: "no warrant shall issue, but on probable cause, supported by oath or affirmation." Deliberate falsehood or reckless disregard for the truth violates the warrant clause.

87. Plaintiff was denied due process of law, when his first and second test conducted by the clinical therapist, that plaintiff does not have any drug/alcohol problem and that NO services is recommended at this time were unlawfully ignored by the defendants

88. Defendants'4 conduct was under Deprivation of Rights Under the Color of Law when defendants conspired to deny Heather to conduct a verification on the alleged positive drug screen

89. Plaintiff avers that a due-process violation occurs if a state-required breakup of a natural family is founded solely on a "best interest" as in the defendants' basis for stable residency analysis that is not supported by the requisite proof of parental unfitness

90. Plaintiff got his drug and alcohol assessment completed before the Adjudication Hearing and was recommended by his Therapist that NO SERVICES required at this time. The court failed to take into consideration the drug and alcohol assessment even though there was no service

recommended.

91. Plaintiff was denied due process of law when the Judge affirms the Temporary custody, even though there was no evidence of neglect, or abuse of the minor children.

### THIRD CAUSE OF ACTION

### (Conspiracy to Deprive Plaintiff of His Parental Right, Familial Relationship with their Children, Under the Fourteenth Amendments). against all defendants

92. Plaintiff incorporates the above paragraphs as if they are fully set herein.

93. Defendants violated plaintiff's Fourteenth Amendment right to maintain a familial relationship with their children.

94. Upon information and believe and therefore alleged that, defendant Kyla conspire with Defendant WCCS for wrongful detention, and removal of the minor child from Plaintiff's family.

95. Defendants conspired to deprive Plaintiff and his wife of their rights and liberties protected by the Fourteenth Amendment. 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3).

96. The rights and liberties alleged to have been violated pertain to Plaintiff's right to privacy, encompassing parental rights to enjoy the companionship and society of one's children.

97. Plaintiff avers that Defendant Kyla and other conspirators were motivated by animus directed at him based on his gender and race.

98. Defendant in concert and conspire with one another filed a frivolous adjudication of neglect, or abuse, laying false allegation against plaintiff stating that plaintiff failed to communicate with Defendant Kyla

99. Defendant Kyla lied that Heather was testing positive for meth and she spoke to Roberta and Roberta said she could not watch the children.

100. Defendant Kyla falsefully alleged that she is filing for temporary custody because Roberta informing that she could not watch children, that Defendant Kyla and plaintiff have not communicated since July 2020. Defendant Kyla intentionally misled the court at the shelter

care hearing that Heather was homeless and living in her car. Only to later admit at the adjudication hearing she knew Heather was in fact never homeless. While Defendant Kyla never notified Heather of the positive drug screen and she was not given opportunity to rebut these allegations in violation of her protected rights under the fourth amendment.

101. Defendant Kyla conspire with defendant WCCS when they presented no lay witnesses, expert testimony, or third-party affidavits to support her position. While Roberta denies ever making those statements to defendant Kyla and alleging that they are false.

102. Defendant Kyla lies in court to make emergency of her own to get a court order granting custody, defendant Kyla was the sole live witness for WCCS for the Shelter Care Hearing

103. Plaintiff avers that a due-process violation occurs when a state-required breakup of a natural family is founded solely on a "best-interests" as in the defendants' concern for stable residency analysis that is not supported by the requisite proof of parental unfitness

104. Defendants have violated rights guaranteed to Plaintiff by 42 U.S.C. § 1985 through a conspiracy to deprive plaintiff of his parental right to and excessive due process.

105. Defendants violated the civil rights of Plaintiff for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice with intent to deny Plaintiff the equal protection of the laws, or to deprived plaintiff's liberty.

106. The conspiracy resulted in injury to plaintiff.

## FOURTH CAUSE OF ACTION
### (violation of 42 U.S.C. § 1983 equal protection claims) against all defendants

107. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein

108. The Fourteenth Amendment's Equal Protection Clause requires states and individuals to practice equal protection.

109. Plaintiff alleges that the act of the defendants is unlawful, unfair, or fraudulent practice and unfair, deceptive, untrue, or misleading, prohibited by extant federal laws

110. Plaintiff has suffered an absorbent amount of damage as a result of defendants' unreasonable act.

111. Equal protection forces state to govern impartially—not draw distinctions between individuals solely on differences that are irrelevant to a legitimate governmental objective. Thus, the equal protection clause is crucial to the protection human right of the Plaintiff.

112. Plaintiff avers that the court is viewed with utmost respect and with an expectation that the court would do very fair and equitable justice to the person coming before it or pleading for genuine redress of any complaint of grievance.

113. Defendants' actions, as described above, were objectively unreasonable, willful, and wanton, and shocking to the conscience in light of the facts and circumstances

114. The conduct of the individual Defendants described herein violated clearly established rights of Plaintiff of which reasonable people in the Defendants' position knew or should have known.

## FIFTH CAUSE OF ACTION
### (Petition for Writ Of Habeas Corpus) Against All Defendants

115. Plaintiff avers that the detention and continues restrain of plaintiff and wrongful removal, continue detention of the minor children of the Plaintiff in the defendant's foster and subsequent termination of plaintiff's parental rights without due process of law is a gross constitutional violation and urge this court to command the defendants to release plaintiff's children.

116. The U.S. Supreme Court has held that no person may be imprisoned solely because of their indigence because doing so violates that individual's equal protection and due process rights.

117. This Supreme Court decision rests on the fundamental principle that there can be no equal justice under law if an individual's right to freedom turns on their ability to purchase it.

## SIXTH CAUSE OF ACTION
### (Declaratory and Injunctive Relief)
### against all defendants

118. The allegations contained in the preceding paragraphs are adopted by reference.

119.    An actual and immediate controversy exists between Plaintiff and Defendants. Plaintiff is entitled to a declaration of rights with respect to this controversy. Without such a declaration, Defendants' numerous conducts threaten Plaintiff with the deprivation of his rights under the law and puts his health and/or life at risk.

120.    Absent declaratory and permanent injunctive relief, Defendants will continue to withhold the children of the Plaintiff.

**SEVENTH CAUSE OF ACTION**
**(Criminal Civil Rights Violation under section 242 of Title 18 Deprivation of Rights Under Color of Law)**
**Against defendant Kyla New**

121.    The allegations contained in the preceding paragraphs are adopted by reference.

122.    Defendant Kyla under color of law, statute, regulation, or custom, willfully subjects Plaintiff in the State of Ohia, to the deprivation of his parental rights, privileges secured or protected by the Constitution or laws of the United States.

123.    Plaintiff avers that defendant Kyla violated section 242 of Title 18 right to which encompassing parental rights to enjoy the companionship and society of one's children

124.    At the shelter care hearing, Kyla knowingly committed perjury in her (successful) attempt to paint a negative light on Plaintiff's situation.

125.    Defendant Kyla under color of law, statute, regulation, or custom, willfully lied when she stated she has not communicated with Plaintiff since July 2020.

126.    Defendant Kyla under color of law, statute, regulation, or custom, willfully lied when she stated that Roberta expressed to Kyla that she could not watch Plaintiff's children and that that Heather was homeless and living in her car.

127.    Plaintiff avers that defendant Kyla knew that she and Plaintiff were texting and speaking on the phone in August 2020.

128.    Plaintiff avers that defendant Kyla misrepresented Heather's positive drug screen, because she did not get them verified

129.    Plaintiff avers that Section 242 of Title 18 makes it a crime for defendant Kyla to act under color of law to willfully deprive Plaintiff of his parental rights to enjoy the companionship and society of his children protected by the Constitution or laws of the United States.

130.    As a direct and proximate result of the above-described deliberate and heinous act of defendant Kyla, the Plaintiff has suffered such severe stress that no reasonable person could be expected to endure it.

131.    Defendant's wrongful conduct as alleged hereinabove, without regard to whether defendant acted intentionally or with any other particular state of mind or scienter, renders Kyla liable under color of law.

132.    As a direct and proximate result of the said wrongful conduct by Defendant, Plaintiff has suffered damages that is inadequate at law.

**WHEREFORE, Plaintiff prays for relief as set forth below.**

**PRAYER FOR RELIEF**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiff is granted the relief he requests. The need for relief is critical because the rights at issue are paramount under the Constitution of the United States.

**WHEREFORE,** Plaintiff, request that this Court grant him the following reliefs:

    A.  An order granting writ of HABEAS CORPUS against the defendants

    B.  Compensatory damages in the amount of $2,000,000 against each defendant, jointly and severally

    C.  Adjudge and declare that the conditions, acts, omissions, policies, and practices of Defendants and its agents, officials, and employees are in violation of the human rights of Plaintiff under the Eighth and Fourteenth Amendments to the U.S. Constitution.

    D.  Enjoin Defendants, its agents, officials, employees, and all persons acting in concert, from continuing the unlawful acts, conditions, and practices described in this Complaint.

    E.  Award Plaintiff, pursuant to 42 U.S.C. § 1988, the costs of this suit and reasonable attorneys' fees and litigation expenses.

    F.  Defendant Kyla be punished according to Section 242 of Title 18

    G.  Award such other and further relief as the Court deems just and proper

    H.  For all other relief to which Plaintiff may show himself entitled.

## **VERIFICATION**

**I Quang Vo,** the Plaintiff in the above complaint verified that the statement contained in this Complaint are true to the best of my knowledge.

The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true.

I declare (or certify) under penalty of perjury that the foregoing is true and correct.

Respectively submitted this ___8th___ day of ___APRIL___ 2021

**QUANG VO**

(Pro se Plaintiff)

301 Willowood Dr.

Springboro, OH 45066

## **CERTIFICATE OF SERVICE**

I hereby certify on the ___8th___ day of ___April___, 2021, that a true and correct copy of the foregoing **Complaint** were served by placing a copy in the United States Postal Service, with postage prepaid, addressed upon the following:

**SERVICE ON:**

1. Kyla New
2. Kelly Carpenter
3. Warren County Children Services
   416 South East St.
   Lebanon, OH 45036

**QUANG VO**

**(pro se Plaintiff)**




Quang >



**EXHIBIT**



I will get the children  to my ex's mom asap.

Is that it?

Tue, Aug 11, 10:15 AM

I nee to reschedule our meet today. I am on my way to Toledo to try and salvage a deal

Okay can you meet Monday or Tuesday next week?

Tuesday next week will work. What time will work for you?

I can meet anytime

Also I need you to come in tomorrow for a random drug screen before 4:30pm.

Thu, Aug 13, 3:21 PM






**Recovery Defined, LLC**

777 Columbus Ave., Suite 7-D
Lebanon, OH 45036

(513)228-6590
(513)228-1051

**EXHIBIT**



| | | | | |
|---|---|---|---|---|
| **Beneficiary** :Vo, Quang M | **DOB** | :_____1971 | **MRN** :PH1792465 | **Medicaid ID :** |
| **Gender** :Male | **Marital Status** | :Married | **Race** :Asian | **Ethnic** :Not |
| | | | | **Origin** Hispanic/Latino |
| **County** :Warren | **Home** | : | **Work** : | **Cell** :(214)244-9886 |
| **Alt.Contact** : | **Alt.Phone** | : | **PCP** : | **Occupations** :Full Time |
| **PCP Phone** : | **Veteran Status** | :No | **Class Room** : | **Employer** :Variance Lighting LLC VIP Asset Recovery |
| **Parent/ Guardian** : | **Address** | : | **Primary Insurance** : | **Secondary Insurance** : |
| **Gender Identity** : | **Sexual Orientation** | : | | |

| | | |
|---|---|---|
| **Start Date** 09/14/2020 10:17 AM | **End Date** 09/14/2020 11:17 AM | **Duration (minutes)** 60 |
| **Service Code** (90791 + 80100NB) Intake and Assessment, Private Ins – SA + Urine | **Place Of Service** 11 - Office | **Units** 1 |
| **Program** Intensive Outpatient Substance Use | **Active Problems** Child protection team following patient | |

## Concerns and Symptoms

### Presenting Concerns

Patient reports having an open CPS case with Warren County.

**Precipitating Event(s)**
Patient reports his divorce was problematic and a protection order was filed against patient for false allegations by wife.

### Current Stressors / Symptoms

Patient reports CPS open case and his children are with foster care

**Adjustment Issues Related to Symptoms/Disorders/Disabilities**
Nothing reported by patient

**Co-occurring Illnesses**
Nothing reported by patient

## Psych History

### Current Services

| Mental Health | ☑ None reported ☐ Yes |
|---|---|
| Medical | ☑ None reported ☐ Yes |
| Vocational/Ed | ☐ None reported ☑ Yes |
| | Patient reports he takes online courses in marketing |
| Developmental | ☑ None reported ☐ Yes |
| Other | ☑ None reported ☐ Yes |
| Notes | Nothing more reported by patient |

## Requested Resources and needs

Patient Name:Quang M Vo     DOB:10/12/1971     Medicaid #:

| | |
|---|---|
| **Mental Health Resources** | ☑ None reported☐ Yes |
| **Substance Abuse Resources** | ☑ None reported☐ Yes |
| **Housing Resources** | ☑ None reported☐ Yes |
| **Medical Resources** | ☑ None reported☐ Yes |
| **Vocational / Educational** | ☑ None reported☐ Yes |
| **Legal** | ☑ None reported☐ Yes |
| **Other** | ☑ None reported☐ Yes |

## Social History

## Strengths, Skills, Preferences, Challenges

| Skills | Strengths/Preferences/Abilities | Challenges/Barriers |
|---|---|---|
| Business Owner | focused, goal oriented | difficult divorce taking up too much time. |
| -- | -- | -- |
| -- | -- | -- |

## Religious, Cultural, Language

Patient reports being agnostic

## Support Systems

Mother, brother, sister is supportive

## Leisure Activities

| Description of Activity | Frequency | Barriers |
|---|---|---|
| Football | weekly | nothing reported |
| Biking | daily | nothing reported |
| -- | -- | -- |

## Daily Routine

Patient reports, "I get up around 6am, workout, eat breakfast, go to work, home by 6pm, fix dinner, go to bed"

## Social History

| | |
|---|---|
| Interactions w/Peers: | Nothing reported |
| Conflictual Relationships: | Mostly with my ex-wife. |
| Concerns/Issues relative to sexual or gender orientation: | Nothing reported |

## Independent Living Skills

## Current Living Situation

**How long at current address?** 2 years

**Frequent moves?** 1

| Household members(names) | Age | Gender | Relationship to Client | Describe relationship |
|---|---|---|---|---|

Patient Name:Quang M Vo    DOB:10/12/1971    Medicaid #:

| Heather | 42 | F | ex-wife | challenging |
|---|---|---|---|---|
| --- | --- | --- | --- | --- |
| --- | --- | --- | --- | --- |
| --- | --- | --- | --- | --- |
| --- | --- | --- | --- | --- |
| -- | -- | -- | -- | -- |

| | |
|---|---|
| Are there other members of immediate family living outside household? | ☑ None reported☐ Yes |
| Has the client moved or relocated in the last three years? | ☑ None reported☐ Yes |
| Is there a history of homelessness? | ☑ None reported☐ Yes |
| Does client feel threatened or unsafe in current living environment? | ☑ None reported☐ Yes |
| Source of income for consumer or guardians: | Self-employed |
| Source of transportation for consumer or guardians: | Patient has own license |

## Independent Living and Self-Care Skills

| | | |
|---|---|---|
| ☐ Feeding self | ☐ Financial assistance | ☐ Academic Enrollment |
| ☐ Meal preparation | ☐ Legal assistance | ☐ Tutoring |
| ☐ Grocery shopping | ☐ Attending court mandated events | ☐ Vocational assistance |
| ☐ Nutrition | ☐ Accessing specialized services | ☐ Other: Anger management |
| ☐ Food shopping | ☐ Accessing support systems | ☐ Other:Coping skills |
| ☐ Basic age-appropriate hygiene | ☐ Transportation | ☐ Other:Distress tolerance |
| ☐ Toilet training | ☐ Applying for benefits | ☐ Other: |

Description of Identified Needs:
N/A

## Patient History

**Chronological General Health and Behavioral Health History**

## Family History

| | |
|---|---|
| Client's current marital status and history | ☐ N/A☐ Single☑ Married☐ Divorced Patient is still married but separated |
| Caregivers or legal guardians of child | Foster care at this time |
| Biological mother | ☐ Deceased☑ Living -- |
| Biological father | ☑ Deceased☐ Living -- |
| Siblings | ☐ None☐ Deceased☑ Living -- |
| Other close family members | ☑ None☐ Deceased☐ Living -- |
| Marital status of biological parents during childhood | Married |
| Current Family Dynamics / Stresses | Nothing reported |
| Parents/Guardians strengths and weakness | Strong willed |

Patient Name:Quang M Vo     DOB:10/12/1971     Medicaid #:

## Prenatal and Delivery

| | |
|---|---|
| Complications with pregnancy | ☑ No☐ Yes |
| Complications with delivery | ☑ No☐ Yes |
| Vaginal delivery | ☑ No☐ Yes |
| Mother – drug use while pregnant | ☑ No☐ Yes |
| Father – supportive during pregnancy | ☑ No☐ Yes |
| Illnesses or complications during infancy | ☑ No☐ Yes |
| Notes | n/a |

## Developmental Milestones

| | |
|---|---|
| Early Language Concerns: | Nothing reported |
| Early temperament: | Nothing reported |
| Impulse control issues: | Nothing reported |
| Early interests/skills | Nothing reported |
| Notes | Nothing more by patient |

## Medical History

| Illness | Symptoms | Treatment and Response | Barriers to Recovery |
|---|---|---|---|
| n/a | --- | --- | --- |
| --- | --- | --- | --- |
| --- | --- | --- | --- |
| --- | --- | --- | --- |
| --- | --- | --- | --- |
| Notes | | -- | |

| | |
|---|---|
| Allergies(any time) | ☑ None reported☐ Yes |
| Enuresis or Encopresis | ☑ None reported☐ Yes |
| Vision Complications | ☑ None reported☐ Yes |
| Hearing Complications | ☑ None reported☐ Yes |
| Dental Complications | ☑ None reported☐ Yes |
| Skin Complications | ☑ None reported☐ Yes |
| Diet Restrictions | ☑ None reported☐ Yes |
| Seizures(type/freq.) | ☑ None reported☐ Yes |
| Somatic Complaints | ☑ None reported☐ Yes |
| Heart / Blood Pressure | ☑ None reported☐ Yes |
| Diabetes and Type | ☑ None reported ☐ Yes |
| Problems Eating | ☑ None reported ☐ Yes |
| Problems Sleeping | ☑ None reported ☐ Yes |
| Head Injuries | ☑ None reported ☐ Yes |
| Cancer | ☑ None reported ☐ Yes |
| Digestive Problems | ☑ None reported ☐ Yes |
| Neurological Disorder | ☑ None reported ☐ Yes |
| Past Surgeries | ☑ None reported ☐ Yes |
| Other | ☑ None reported ☐ Yes |
| Immunizations – For Children | ☑ Current ☐ Not Current |

Patient Name:Quang M Vo     DOB:10/12/1971     Medicaid #:

| Date of last physical | --- |
|---|---|
| Name and phone of Primary Care Physician or Specialists | n/a |
| Are you Pregnant? | ☐ Yes ☑ No |
| If yes, is prenatal care being provided? | ☐ Yes ☑ No |
| Current Health Needs | --- |
| Use of complementary health approaches | ☐ Yes ☑ No |

## Abuse History

### History of Abuse / Neglect / Trauma / Stressors

| Physical Abuse | ☐ None reported ☐ Yes ☐ Experienced☐ Observed<br>Patient reports his step-dad was physical but not abusive to him as a child |
|---|---|
| Sexual Abuse | ☑ None reported ☐ Yes ☐ Experienced☐ Observed |
| Emotional Abuse | ☑ None reported ☐ Yes ☐ Experienced☐ Observed |
| History of Neglect | ☑ None reported ☐ Yes ☐ Experienced☐ Observed |
| Other reported trauma | ☑ None reported ☐ Yes ☐ Experienced☐ Observed |
| Is there current CPS,DSS,or APS involvement? | ☐ None reported ☑ Yes<br>Patient has current CPS case open at this time |
| Is there a history of CPS,DSS,or APS involvement? | ☐ None reported ☑ Yes<br>Patient reports she called CPS when a protection order was placed in Oct. 2018. Case was open then closed |
| Identified Life-Span Stressors | Nothing reported |

### Psychiatric and Substance Abuse Services / History

☑ No Psychiatric Behavioral Health Treatment in the past.

| Outpatient | Provider Name | Dates of Service | Outcome / Compliance |
|---|---|---|---|
| n/a | --- | --- | --- |
| --- | --- | --- | --- |
| --- | --- | --- | --- |
| --- | --- | --- | --- |
| --- | --- | --- | --- |
| --- | --- | --- | --- |
| Inpatient / Residential | Provider Name | Dates of Services | Outcome / Compliance |
| --- | --- | --- | --- |
| --- | --- | --- | --- |
| Other | Provider Name | Dates of Services | Outcome / Compliance |
| --- | --- | --- | --- |

### Previous Psychiatric or Substance Abuse Diagnoses

Date---Diagnosed by ---

| Diagnoses | Description |
|---|---|
| n/a | --- |
| --- | --- |
| --- | --- |
| --- | --- |

---

## Substance Abuse and Addiction Information

☐ No substance abuse history identified.

| Drug use | Age at 1st Use | Age at Reg. Use | Current Pattern – Frequency and Average Use | Method of administration | Last Use | P=Primary, S=Secondary, T=Teritary |
|---|---|---|---|---|---|---|
| Nicotine | --- | --- | | --- | --- | --- |
| Alcohol | 15 | 18 | once every other week | oral | 9/12/20 | --- |
| Marijuana | 18 | 19 | random | smoke | 20 years ago | |
| Cocaine/Crack | 24 | n/a | once | nasal | 20 years ago | |
| Amphetamines | 46 | n/a | once in the past month | smoking | last month | |
| Hallucinogens | --- | --- | --- | --- | --- | --- |
| Ecstasy/Other | --- | --- | --- | --- | --- | --- |
| Inhalants | --- | --- | --- | --- | --- | --- |
| Heroin | --- | --- | --- | --- | --- | --- |
| Barbiturates | --- | --- | --- | --- | --- | --- |
| Opiates | --- | --- | --- | --- | --- | --- |
| Other | --- | --- | --- | --- | --- | --- |
| Any Other Drugs: | n/a | | | | | |
| Means of Obtaining Substance: | Friends/self | | | | | |
| Motivation for use: | Sexual | | | | | |
| Interest in reducing use and attaining abstinence: | Patient reports giving it up currently and only used socially | | | | | |
| Past Periods of Abstinence: | Currently-1 month | | | | | |
| Problems usage may have caused: | family, emotional, financial | | | | | |

**Additional History -**☐ DWI☐ Blackouts☐ Absenteeism☐ Seizures☐ Job less☐ IV Drug Use

# of DWI Charges:0# of DWI Convictions:---# of DWI Charges Pending:---

Arrest Date(s):------------

Substance Abuse Related Withdrawl Symptoms:(sweating, cravings, tremulousness, rapid heart rate,hallucinations,nausea,paranoia)-
Past:n/aPresent:n/a

Is there evidence of non-chemical addiction(video gaming, gambling,sex,food,shopping)?   ☐ NA☑ None☐ Yes

## Treatment Reason

## History of Symptoms / Current Symptoms

( H = by history; C = Current)

| Symptoms | | Symptoms | | Symptoms | |
|---|---|---|---|---|---|
| ☐ H☐ C | Depressed mood | ☐ H☐ C | Work impairment | ☐ H☐ C | Harm to self or ideation |
| ☑ H☐ C | Anxiety | ☐ H☐ C | Social impairment | ☐ H☐ C | Harm to others ideation |
| ☐ H☑ C | Compulsive behaviors | ☐ H☐ C | Impairment of self-care skills | ☐ H☐ C | Hallucinations |
| ☐ H☐ C | Attention problems | ☐ H☐ C | Socially Withdrawn | ☐ H☐ C | Delusions |
| ☐ H☐ C | Impulsivity | ☑ H☐ C | Legal Involvement | ☐ H☐ C | Involuntary Commitment |
| ☑ H☐ C | Anger management issues | ☐ H☐ C | Truancy | ☐ H☐ C | Severe Impaired judgement |
| ☑ H☑ C | Substance Abuse | ☐ H☐ C | Missed Work | ☐ H☐ C | Traumatic Brain Injury |
| ☐ H☐ C | Behavior Problems | ☐ H☐ C | Change in health status | ☐ H☐ C | Profound memory loss |

Patient Name:Quang M Vo     DOB:10/12/1971     Medicaid #:

| | | | |
|---|---|---|
| ☐ H☐ C  Mood swings | ☐ H☐ C  Changes in appetite | ☐ H☐ C  Other |
| ☐ H☐ C  Irritability | ☐ H☐ C  Sleep disturbance | ☐ H☐ C  Other |
| ☐ H☐ C  Oppositional / Defiant Behavior | ☐ H☐ C  Change in relationships | ☐ H☐ C  Other |
| ☐ H☐ C  Other | ☐ H☐ C  Other | ☐ H☐ C  Other |

**Notes**
Nothing more to report

## Current Motivation / Readiness for Treatment

Patient reports, "I don't think I need treatment at this time.  I'm not addicted to anything.  I have used recreational in the past but that's it".

### Medications

## Current Medications

| Name | Dosage / Freq. | Date prescribed | Prescriber | Outcome/Compliance/Effica |
|---|---|---|---|---|
| n/a | --- | --- | --- | --- |
| --- | --- | --- | --- | --- |
| --- | --- | --- | --- | --- |
| --- | --- | --- | --- | --- |
| --- | --- | --- | --- | --- |
| --- | --- | --- | --- | --- |
| --- | --- | --- | --- | --- |
| --- | --- | --- | --- | --- |
| --- | --- | --- | --- | --- |
| --- | --- | --- | --- | --- |

**Note any side effects reported ---**

## History of Medications

| Name | Dosage / Freq. | Date prescribed | Prescribed | Outcome/Compliance/Effica |
|---|---|---|---|---|
| n/a | --- | --- | --- | --- |
| --- | --- | --- | --- | --- |
| --- | --- | --- | --- | --- |
| --- | --- | --- | --- | --- |
| --- | --- | --- | --- | --- |
| --- | --- | --- | --- | --- |
| --- | --- | --- | --- | --- |
| --- | --- | --- | --- | --- |
| --- | --- | --- | --- | --- |
| --- | --- | --- | --- | --- |
| --- | --- | --- | --- | --- |

**Note any side effects reported ---**

## Non-medical History

## Legal History

| | |
|---|---|
| **Current legal charges?** | ☑ None reported ☐ Yes |
| **Probation Officer?** | ☑ None reported ☐ Yes |
| **Presently on probation?** | ☑ None reported ☐ Yes |
| **History of incarceration?** | ☐ None reported ☑ Yes<br>One arrest in patient history |
| **History of legal Involvement?** | ☑ None reported ☐ Yes |
| **Legal history / family?** | ☑ None reported ☐ Yes |
| **Specific terms of probation / other:** | Patient is not on probation at this time. |

## Education

| | |
|---|---|
| **If currently in school - Name/Grade** | n/a |
| **Highest Grade Completed** | Some college |
| **Teacher/Counselor** | n/a |
| **Last IEP** | n/a |
| **Learning Abilities/Strengths** | n/a |
| **If enrolled in "exception children's programs," specify disability area** | n/a |
| **Educational Problems and Repeated Grades** | n/a |
| **Behavior Problems in school and Suspensions/Expulsions** | n/a |
| **Social Interactions(peers/teachers)** | n/a |
| **Current Psychological Testing Completed?** | ☑ No ☐ Yes |
| **Other Educational Services(Specify if individual is interested in pursuing further education)** | n/a |
| **Can Client Read?** | ☐ No ☑ Yes |
| **Can Client Write?** | ☐ No ☑ Yes |
| **If yes on writing/reading at what level?** | College |

## Military

☑ **No Military Service.**

| Branch/Rank:--- | Years Served:--- | Reason for Discharge:--- | Service connected Disability?:--- |
|---|---|---|---|

## Employment - Vocational

☐ **No Employment History (child).**

| | |
|---|---|
| **Currently Employed Y/N (part time and/or fulltime)** | Y |
| **Current Position** | Self employed |
| **Employed Since** | 20 years |
| **Number of recent jobs** | 1 |
| **SSDI Claim Status(if applied)** | n/a |
| **SSDI Eligible? (Should individual apply?)** | n/a |
| **Satisfaction with current employment** | Satisfied-"I'm my own boss" |

Patient Name:Quang M Vo    DOB:10/12/1971    Medicaid #:

| | |
|---|---|
| situation (If not employed, is that by choice? Explain.) | |
| Employment History, including reasons for job changes | n/a |
| Barriers/Challenges to improving current situation, if desired | Not having my children |

## Examination

## Mental Status

(check whenappropriate and describe behaviors and experiences)

| | | | |
|---|---|---|---|
| Appearance / Dress | ☑ Neat | ☐ Sloppy | ☐ Relaxed |
| | ☐ Eccentric | ☐ Age Appropriate | ☐ Disheveled |
| | ☐ Good hygiene | ☐ Fair hygiene | ☐ Poor hygiene |
| | ☐ Tearful | ☐ Sad | |
| | Dress: --- | Physical characteristics:--- | |
| | Approx weight:--- | Approx height:--- | |
| | Other/Comments: --- | | |
| Behavior/Attitude | ☑ Attentive | ☐ Guarded | ☐ Cooperative |
| | ☐ Demanding | ☐ Passive | ☐ Dependent |
| | ☐ Self-Destructive | ☐ Hostile | ☐ Irritable |
| | ☐ Impulsive | ☐ Eye contact | ☐ Minimal eye contact |
| | ☐ No eye contact | ☐ Compulsive behaviors (detail) | ☐ Threatening |
| | ☐ Silly | ☐ Negative | ☐ Oppositional |
| | Other / Comments: --- | | |
| Motor | ☑ Hyper | ☐ Awkward | ☐ Lethargic |
| | ☐ Hypo | ☐ Posturing | ☐ Agitated |
| | ☐ Tics | ☐ Calm | ☐ Rapid |
| | ☐ Tremors | | |
| | Other / Comments: --- | | |
| Language | ☑ Expressive Intact | ☐ Receptive Intact | |
| | Speech: | | |
| | ☐ Spontaneous | ☐ Pressured | ☐ Mute |
| | ☐ Slow | ☐ Within Limits | ☐ Slurred |
| | Other / Comments: --- | | |
| Affect/Mood ☑ Adequate | ☑ Calm | ☐ Anxious | ☐ Bright |
| | ☐ Inappropriate | ☐ Depressed | ☐ Flat |
| | ☐ Elevated | ☐ Labile | ☐ Explosive |
| | ☐ Agitated | ☐ Hopelessness | ☐ Hyper-vigilant |
| | ☐ Congruent to situation | ☐ Incongruent to situation | |
| | Other / Comments: --- | | |
| Thought Form ☐ Unremarkable | ☑ Logical | ☐ Illogical | ☐ Goal Directed |
| | ☐ Sequential | ☐ Indecisive | ☐ Circumstantial |
| | ☐ Concrete | ☐ Flight of Ideas | ☐ Relevant |
| | ☐ Irrelevant | ☐ Loose Associations | ☐ Obessive Thinking |
| | ☐ Distractible | ☐ Tangential | ☐ Blocking |
| | ☐ Unexplained dizziness | | |
| | Other / Comments: --- | | |
| Thought Content ☑ Unremarkable | ☐ Suicidal | ☐ Obsessions | ☐ Future Oriented |
| | ☐ Homicidal | ☐ Delusions | ☐ Somatic |
| | ☐ Hopelessness | ☐ Suspicious | ☐ Phobias |
| | ☐ Grandiose | ☐ Guilt | ☐ Dwells on issues of separation/loss |
| | ☐ Hallucinations- ☐ auditory ☐ command☐ visual☐ tactile☐ olfactory | | |

Patient Name:Quang M Vo    DOB:10/12/1971    Medicaid #:

| Orientation ☑ Fully Oriented | Other / Comments: --- | | |
|---|---|---|---|
| | ☐ Person | ☐ Place | ☐ Time |
| | ☐ Situation | | |
| | Other / Comments: --- | | |
| Intellect | Suspected to be | | |
| | ☑ Above Average | ☐ Average | ☐ Below Average |
| | ☐ Known disability | ☐ Uncertain | |
| | Other / Comments: --- | | |
| Memory ☑ Adequate | ☐ Adequate | ☐ Impaired | ☐ Recent |
| | ☐ Remote | ☐ Selective | |
| | Other / Comments: --- | | |
| Perceptions ☑ Unremarkable | ☐ Auditory Hallucinations | ☐ Visual Hallucinations | ☐ Depersonalization |
| | ☐ Traumatic Flashbacks | ☐ Ideas of Reference | |
| | Other / Comments: --- | | |
| Judgement/Insight | ☐ Poor | ☑ Fair | ☐ Good |
| | ☐ Impaired (explain) | | |
| | Other / Comments: --- | | |
| Impulse Control | ☑ Adequate/ Age Appropriate | ☐ Needs to be addressed | ☐ Poor |
| | Other / Comments: --- | | |
| Attention / Concentration ☑ Adequate | ☐ Mildly Distractible | ☐ Moderately Distractible | ☐ Severely Distractible |
| | Other / Comments: --- | | |
| Notes/ Comments: | Nothing more reported by patient | | |

## Suicide / Homicide Risk Potential

| Suicide Attempts | Action/Method | Ideation | Plan | Date |
|---|---|---|---|---|
| 0 | -- | --- | --- | --- |

| Homicide Attempts | Action/Method | Ideation | Plan | Date |
|---|---|---|---|---|
| 0 | -- | --- | --- | --- |

| Is there any history of impulsive behaviors that present a danger to self/others? | Nothing reported | | |
|---|---|---|---|
| Is client in a safe environment? | Yes | History of fire-setting? | No |
| Other risk factors:(i.e. alcohol or drug use; self-injury,etc) | ☑ Alcohol/Drug abuse (including prescription drugs) | | |
| | ☐ Self-injury history | ☐ Promiscuity | ☐ Selling drugs |
| | ☐ Gang affiliation | ☐ Legal charges/Committing crimes | ☐ Sexual abuse/Assault of others |
| | ☐ Family hx of MH issues | ☐ Other --- | |
| Lethality Assessment | ☑ None | Other | --- |
| | ☐ Low | | |
| | ☐ High | | |
| Does the client have access to firearms or other weapons? | ☑ Yes☐ No | | |
| Rate the current risks (scale: 0=none; 1=mild; 2=moderate, ideation w/ plan or hx of attempts; 3=severe, ideation, plan, & intent/means) | Risk to Self ☑ 0☐ 1☐ 2☐ 3 | | Risk to Others ☑ 0☐ 1☐ 2☐ 3 |
| Safety Planning and Coordination of Care (required for any risk score of 2 or 3) | n/a | | |

## Diagnostic Checklist

## Depressive Episode

**Depressive episode( 2+ week duration, 5+ symptoms;Dysthymic Disorder- 2 year duration)**

| |
|---|
| ☐ Depressed or irritable mood most of the day,nearly every day |
| ☐ Diminished interest or pleasure in all or most activities |
| ☐ Significant weight loss or weight gain (list how much over what period of time) |
| ☐ Insomnia/hypersomnia |
| ☐ Psychomotor agitation/retardation |
| ☐ Fatigue |
| ☐ Feelings of worthlessness or inappropriate guilt |
| ☐ Decreased concentration, attention, or difficulty making decisions |
| ☐ Thoughts of death |
| ☐ Suicidal ideation |

## Manic Episode

**Manic episode( 1+ week duration, 3+ symptoms)**

| |
|---|
| ☐ Inflated self-esteem or grandiosity |
| ☐ Decreased need for sleep |
| ☐ More talkative than usual, pressured speech |
| ☐ Flight of ideas, racing thoughts |
| ☐ Distractibility |
| ☐ Increase in goal directed activity, psychomotor agitation |
| ☐ Impulsivity,risky behaviors( excessive or foolish spending, sexual sprees, speeding |

## Panic attacks

**Panic attacks (4+ symptoms)**

| |
|---|
| ☐ Intense fear of discomfort |
| ☐ Sweating/hot flashes or chills |
| ☐ Shortness of breath,smothering sensation |
| ☐ Chest pain |
| ☐ Dizzy,lightheaded |
| ☐ Fear of losing control or going crazy |
| ☐ Fear of dying |
| ☐ Numbness, tingling |
| ☐ Palpitations( racing heart) |
| ☐ Trembling, shaking |
| ☐ Feeling of choking |
| ☐ Nausea, GI upset |
| ☐ Depersonalization,derealization |
| ☐ Numbness or tingling |

## Agoraphobia

**Agoraphobia**

| |
|---|
| ☐ Anxious about being in places or situations from which escape might be difficult/embarrassing or in which help may not beavailable if they have a panic attack |
| ☐ Situations are avoided or endured with great distress,or individual requires presence of a companion |

## Obsessive-Compulsive Disorder

**Obsessions**

| |
|---|
| ☐ Recurrent and persistent thought, impulses or images that are intrusive, not associated with realistic worries about actualproblems |
| ☐ Individual attempts to ignore or suppress thoughts |
| ☐ Individual recognizes that the thoughts/impulses/images are a product of his/her own mind (not imposed from without as inthought insertion) |

**Compulsions**

| |
|---|
| ☐ Repetitive behaviors( e.g.,hand washing,ordering,checking)or mental acts( e.g.,counting,praying,repeating wordssilently) that the person feels driven to perform in response to an obsession, or according to internal rules |
| ☐ Behaviors or mental acts or aimed at preventing or reducing distress, or preventing some outcome or situation;however,behaviors could not realistically be expected to impact the feared situation. |
| ☐ Individual recognizes that obsession or compulsion is excessive or unreasonable |
| ☐ Obsessions or compulsions cause marked distress,are time-consuming or interfere with person's life and routine significantly |

## PTSD

**Exposure to a traumatic event in which both of the following were present:**

| |
|---|
| ☐ The person experienced, witnessed or was confronted with an even/events that involved actual or threatened death or seriousinjury |
| ☐ Person's response involved intense fear,helplessness or horror |

**Event is persistently re-experienced in one or more of the following ways:**

| |
|---|
| ☐ Recurrent intrusive distressing recollections of event |
| ☐ Recurrent distressing dreams of event |
| ☐ Feeling as if event is recurring |
| ☐ Intense distress at exposure to internal or external cues that symbolize or resemble an aspect of the event |
| ☐ Physiological reactivity on exposure to internal or external cues |

**Avoidance of stimuli associated with trauma,and numbing of responsiveness(3 +)**

| |
|---|
| ☐ Efforts to avoid thoughts,feelings or conversations associated with the trauma |
| ☐ Efforts to avoid activities, places or people that arouse recollections of trauma |
| ☐ Inability to recall important aspect of the trauma |
| ☐ Markedly diminished interest or participation in significant activities |
| ☐ Feeling detached or estranged from others |
| ☐ Restricted range of affect |
| ☐ Sense of foreshortened future |

**Increased arousal (2+)**

Patient Name:Quang M Vo    DOB:10/12/1971    Medicaid #:

| ☐ Difficulty falling or staying asleep |
| ☐ Irritability |
| ☐ Difficulty concentrating |
| ☐ Hyper vigilance |
| ☐ Exaggerated startle response |

## Generalized Anxiety Disorder

| ☐ Excessive worry and anxiety for 6 months for more days than not |
| ☐ Individual finds it difficult to control worry |

**3+ symptoms**

| ☐ Restless, keyed up, on edge |
| ☐ Easily fatigued |
| ☐ Difficulty concentrating, mind goes blank |
| ☐ Irritability |
| ☐ Muscle tension |
| ☐ Sleep disturbance |

## Schizophrenia

**Characteristic symptoms(2+)**

| ☐ Delusions |
| ☐ Hallucinations |
| ☐ Disorganized speech |
| ☐ Disorganized or catatonic behavior |
| ☐ Negative symptoms (flat affect, alogia, avolition) |

Indicate type:      ☐ Paranoid ☐ Disorganized ☐ Catatonic ☐ Undifferentiated

## Borderline Personality Disorder

**Borderline Personality Disorder(5+)**

| ☐ Frantic efforts to avoid real or imagined abandonment |
| ☐ Pattern of unstable and intense relationships alternating between idealization and devaluation |
| ☐ Unstable identity or sense of self |
| ☐ Impulsivity in two areas that are potentially self-damaging(e .g.,spending, sex,substance use,reckless driving) |
| ☐ Recurrent suicidal or self-mutilating behavior or threats |
| ☐ Affective instability, marked reactivity of mood |
| ☐ Chronic feelings of emptiness |
| ☐ Inappropriately intense anger or difficulty controlling anger |
| ☐ Transient paranoid ideation or dissociative symptoms when under unusual stress |

## Oppositional Defiant Disorder

Patient Name:Quang M Vo    DOB:10/12/1971    Medicaid #:

**(6+) months duration, (4+) symptoms**

| |
|---|
| ☐ Often loses temper |
| ☐ Often argues with adults |
| ☐ Often actively defies or refuses to comply with adults' requests or rules |
| ☐ Often deliberately annoys people |
| ☐ Often blames others for his or her mistakes or behavior |
| ☐ Is often touchy or easily annoyed by others |
| ☐ Is often angry and resentful |
| ☐ Is often spiteful or vindictive |

## Conduct Disorder

**(12+) months duration, (3+) Criteria**

| |
|---|
| ☐ Aggression to people and animals |
| ☐ Destruction of property |
| ☐ Deceitfulness or theft |
| ☐ Serious violations of rules |

## Attention Deficit Hyperactivity Disorder

**Inattention (6+) months duration, (6+) symptoms**

| |
|---|
| ☐ Often fails to give close attention to details or makes careless mistakes in schoolwork/work/other |
| ☐ Often has difficulty sustaining attention in tasks or play activities |
| ☐ Often does not seem to listen when spoken to directly |
| ☐ Often does not follow through on instructions and fails to finish schoolwork/chores/duties(cannot be oppositional) |
| ☐ Often has difficulty organizing tasks and activities |
| ☐ Often avoids,dislikes,or is reluctant to engage in tasks that require sustained mental effort (school/homework) |
| ☐ Often looses things necessary for tasks or activities( toys, school assignments,pencils,books,tools) |

## Hyperactivity-Impulsivity

**(6+) months duration, (6+) symptoms**

| |
|---|
| ☐ Often fidgets with hands or feet or squirms in seat |
| ☐ Often leaves seat in classroom or in other situations in which remaining seated is expected |
| ☐ Often runs about or climbs excessively in situations in which it is inappropriate(can be subjective feelings of restlessness) |
| ☐ Often has difficulty playing or engaging in leisure activities quietly |
| ☐ Is often "on the go" or often acts as if "driven by a motor" |
| ☐ Often talks excessively |
| ☐ Often blurts out answers before questions have been completed |
| ☐ Often has difficulty awaiting turn |
| ☐ Often interupts or intrudes on others (butts into conversations or games) |

**AND ALL of the following must be present**

**Patient Name:Quang M Vo    DOB:10/12/1971    Medicaid #:**

| ☐ Some hyperactivity-impulsive or inattentive symptoms that caused impairment were present before age 7 years. |
| ☐ Some impairment from the symptoms is present in two or more settings( at school/work and at home) |
| ☐ There must be clear evidence of clinically significant impairment in social,academic,or occupational functioning. |
| ☐ The symptoms do not occur exclusively during the course of another mental disorder |

## Substance Use Disorder

**( 3+) symptoms within l2 months**
**Specify Substance – Methamphetamines**
**Tolerance (either of the following)**

| ☐ A need for markedly increased amounts of the substance amounts of the substance |
| ☐ Markedly diminished effect with continued use of the same amount of the substance |

**Withdrawal - symptoms of withdrawal vary depending on the substance**

| ☐ The same substance is taken with continued use of the same amount of the substance |
| ☐ The substances often taken in larger amounts or over a longer period than was intended |
| ☐ There is a persistent desire or unsuccessful efforts to cut down or control substance use |
| ☐ A great deal of time is spent in activities necessary to obtain the substance |
| ☐ Important activities are given up because of the substance(visiting multiple docs or driving long distances) |
| ☐ Important social,occupational or recreational activities are given up or reduced because of the substance use |
| ☑ The substance was continued despite knowledge of harmful effects on one's body |

|  | Alcohol | Cocaine | Opiates | Marijuana | Benzodiazepines | Other |
|---|---|---|---|---|---|---|
| Taking the substance in larger amounts or for longer than you meant to | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Wanting to cut down or stop using the substance but not managing to | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Spending a lot of time getting high | ☐ | ☐ | ☐ | ☐ | | ☐ |
| Cravings and urges to use the substance | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ |
| Not managing to do what you should at work, home or school, because of substance use | ☐ | ☐ | ☐ | ☑ | | ☐ |
| Continuing to use, even when it causes problems in relationships | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ |
| Giving up important social, occupational, or recreational activities because of substance use | ☐ | ☐ | ☐ | | ☐ | ☐ |
| Using substances again and again, even when it puts you in danger | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Continuing to use, even when you know you have a physical or psychological problem that could have been caused or made worse by the substance | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ |
| Needing more of the substance to get the effect you want (tolerance) | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Onset of withdrawal symptoms, that is relieved by taking more of the substance | ☐ | ☐ | ☐ | | ☐ | ☐ |

## Impressions

## Interpretive Summary / Clinical Impressions

**Please identify the specific diagnostic criteria that is met and describe the behaviors that patient demonstrates that**

Patient Name:Quang M Vo    DOB:10/12/1971    Medicaid #:

| | |
|---|---|
| **meet those criteria**<br>Patient doesn't meet DSM criteria for diagnosis at this time of assessment | |
| **Client Description (include risk of harm, functional status, co-morbidity, recovery environment, treatment/recovery history)**<br>Patient shows no signs of harm to self or others during this interview. Patient has no history of suicidal or homicidal ideations | |
| **Diagnoses Assigned (fully support using DSM V criteria)**<br>Patient doesn't meet a diagnoses per DSM | |
| **Functional Status**<br>Patient presented today on time. Patient appeared to be open and honest with the questions during this assessment. Patient is employed and supportive of getting his children reengaged in his life | |
| **Motivation to engage in services**<br>☐ Pre-Contemplation☐ Contemplation☐ Preparation☐ Action☐ Maintenance☑ Other n/a | |
| **If immediate safety risks, describe safety planning and coordination of care**<br>No safety plan needed at this time | |
| **Treatment Recommendations**<br>No recommendations at this time. Patient doesn't meet criteria for diagnosis | |
| **Evaluation Recommendations (psychiatric evaluation, psychological evaluation, etc.)**<br>No further recommendations at this time | |
| **Advanced Directives**<br>☑ None reported☐ Yes | |
| **Need for Assistive Technology**<br>☑ None reported ☐ Yes | |

## Personal Outcomes

| | |
|---|---|
| I feel connected to natural supports, people, or support networks | ☑ Yes☐ No☐ Not Sure |
| I have intimate relationships that I choose | ☑ Yes☐ No☐ Not Sure |
| I feel safe | ☑ Yes☐ No☐ Not Sure |
| I have the best possible health | ☑ Yes☐ No☐ Not Sure |
| I exercise my rights | ☑ Yes☐ No☐ Not Sure |
| I am treated fairly | ☑ Yes☐ No☐ Not Sure |
| I am free from abuse or neglect | ☑ Yes☐ No☐ Not Sure |
| I experience continuity and security | ☑ Yes☐ No☐ Not Sure |
| I decide when to share personal information | ☑ Yes☐ No☐ Not Sure |
| I get to choose where and with whom I live | ☐ Yes☐ No☐ Not Sure |
| I get to choose where I work | ☑ Yes☐ No☐ Not Sure |
| I use my environment | ☑ Yes☐ No☐ Not Sure |
| I interact with other members of my community | ☑ Yes☐ No☐ Not Sure |
| I perform different social roles | ☑ Yes☐ No☐ Not Sure |
| I choose my services | ☑ Yes☐ No☐ Not Sure |
| I choose my personal goals | ☑ Yes☐ No☐ Not Sure |
| I participate in the life of the community | ☑ Yes☐ No☐ Not Sure |
| I have friends | ☑ Yes☐ No☐ Not Sure |
| I feel respected by others | ☑ Yes☐ No☐ Not Sure |

*Areas related to myself, my world or my dreams that need attention or help with*

Patient Name:Quang M Vo    DOB:10/12/1971    Medicaid #:

Patient reports, "I want to further educate myself to expand my business knowledge"

## Diagnosis

☑ **Does not meet criteria for enhanced services.**

| Code | Type | Description |
|------|------|-------------|
| --- | --- | --- |
| --- | --- | --- |

**Eligibility Recommendations:** Target Populations Recommendations:n/a
ASAM Recommendations/Level:n/a

## ASAM Level

| SNo | Dimension | Level |
|-----|-----------|-------|
| 1 | Acute Intoxication/Withdrawal: | -- |
| 2 | Biomedical Complications: | -- |
| 3 | Emotional Complications: | -- |
| 4 | Degree of Acceptance/Resistance: | -- |
| 5 | Relapse Potential: | -- |
| 6 | Recovery Environment: | -- |

Level of Care: n/a

**Explain/justify level of care recommended. Rationale:**
n/a

## Case Criteria Evaluation

## Adult ASAM Level of Care 1 Outpatient Services

| Adult ASAM Level of Care 1 Outpatient Services | | |
|---|---|---|
| Must be Checked | ❏ | Client has a Substance Use Disorder Diagnosis |
| Dimension 1 | ❏ | Not experiencing significant withdrawal, or at a minimum risk of severe withdrawal. Manageable at level 1WM |
| Dimension 2 | ❏ | None or very stable, or is receiving concurrent medical management |
| Dimension 3 | ❏ | None or very stable, or is receiving concurrent mental health monitoring |
| Dimension 4 | ❏ | Ready for recovery but needs motivating and monitoring strategies to strengthen readiness. Or needs ongoing monitoring and disease management. Or high severity in this dimension but not in other dimensions. Needs Level 1 motivational enhancement strategies. |
| Dimension 5 | ❏ | Able to maintain abstinence or control use and/or addictive behaviors and pursue recovery or motivational goals with minimal support |
| Dimension 6 | ❏ | Recovery environment is supportive and/or patient has the skills to maintain |

## Adult ASAM Level of Care 2.1 Intensive Outpatient Services

Patient Name:Quang M Vo     DOB:10/12/1971     Medicaid #:

| Adult ASAM Level of Care 2.1 Intensive Outpatient Services | | |
|---|---|---|
| Must be Checked | ☐ | Client has a Substance Use Disorder Diagnosis |
| Dimension 1 | ☐ | Minimum risk of severe withdrawal, manageable at level 2 WM |
| Dimension 2 | ☐ | None or not a distraction from treatment. Such problems are manageable at Level 2.1. |
| Dimension 3 | ☐ | Mild severity with potential to distract from recovery; needs monitoring. |
| Dimension 4 | ☐ | Has variable engagement in treatment, ambivalence, or lack of awareness of the substance use or mental health problems and requires a structured program several times a week to promote progress through the stages of change. |
| Dimension 5 | ☐ | Intensification of addiction and mental health symptoms indicate a high likelihood of relapse or continues problems without close monitoring and support several times a week. |
| Dimension 6 | ☐ | Recovery environment is not supportive, but with structure and support, the patient can cope. |

## Adult ASAM Level of Care 2.5 Partial Hospitalization Services

| Adult ASAM Level of Care 2.5 Partial Hospitalization Services | | |
|---|---|---|
| Must be Checked | ☐ | Client has a Substance Use Disorder Diagnosis |
| Dimension 1 | ☐ | Moderate risk of severe withdrawal manageable at Level 2 WM |
| Dimension 2 | ☐ | None or not sufficient to distract from treatment. Such problems are manageable at Level 2.5. |
| Dimension 3 | ☐ | Mild to moderate severity, with potential to distract from recovery, needs stabilization. |
| Dimension 4 | ☐ | Has poor management in treatment, significant ambivalence, or a lack of awareness of the substance use or mental health problem, requiring a near daily structured program or intensive engagement services to promote progress through the stages of change. |
| Dimension 5 | ☐ | Intensification of addiction and mental health symptoms despite active participation in a Level 1 or 2.1 program, indicates a high likelihood of relapse or continued use or continued problems without near daily monitoring and support. |
| Dimension 6 | ☐ | Recovery environment is not supportive, but with structure and support, and the relief from the home environment, the patient can cope. |

## Adult ASAM Level of Care 3.1 Clinically Managed Low-Intensity Residential Services

| Adult ASAM Level of Care 3.1 Clinically Managed Low-Intensity Residential Services | | |
|---|---|---|
| Must be Checked | ☐ | Client has a Substance Use Disorder Diagnosis |
| Dimension 1 | ☐ | No withdrawal risk, or minimal or stable withdrawal. Concurrently receiving Level 1 WM or Level 2 WM services. |
| Dimension 2 | ☐ | None or stable, or receiving concurrent medical monitoring. |
| Dimension 3 | ☐ | None or minimal, not distracting from to recovery, if stable, a co-occurring capable program is |

Patient Name:Quang M Vo     DOB:10/12/1971     Medicaid #:

|  |  | appropriate. If not, a co-occurring enhanced program is required. |
|---|---|---|
| Dimension 4 | ☐ | Open to recovery but needs a structured environment to maintain therapeutic gains. |
| Dimension 5 | ☐ | Understands relapse but needs structure to maintain therapeutic gains. |
| Dimension 6 | ☐ | Environment is dangerous, but recovery is achievable if Level 3.1 24-hour structure is available. |

## Adult ASAM Level of Care 3.5 Clinically Managed High-Intensity Residential Services

| Adult ASAM Level of Care 3.5 Clinically Managed High-Intensity Residential Services | | |
|---|---|---|
| Must be Checked | ☐ | Client has a Substance Use Disorder Diagnosis |
| Dimension 1 | ☐ | At minimum risk of severe withdrawal. If withdrawal is present, manageable at Level 3.2 WM. |
| Dimension 2 | ☐ | None or stable or receiving concurrent medical monitoring. |
| Dimension 3 | ☐ | Demonstrates repeated inability to control impulses, or unstable and dangerous signs/symptoms require stabilization. Other functional deficits require stabilization and a 24-hour setting to prepare for community integration and continuing care. A co-occurring enhanced setting is required for those with severe and chronic mental illness. |
| Dimension 4 | ☐ | Has marked difficulty with, or opposition to treatment, with dangerous consequences. If there is high intensity severity in Dimension 4 but not in any other dimensions, motivational enhancement strategies should be provided atLevel 1. |
| Dimension 5 | ☐ | Has no recognition of the skills needed to prevent continued use, with imminently dangerous consequences. |
| Dimension 6 | ☐ | Environment is dangerous and the client lacks skills to cope outside of a highly structured 24-hour setting. |

## Adult ASAM Level of Care 3.7 Medically Monitored Intensive Inpatient Services

| Adult ASAM Level of Care 3.7 Medically Monitored Intensive Inpatient Services | | |
|---|---|---|
| Must be Checked | ☐ | Client has a Substance Use Disorder Diagnosis |
| Dimension 1 | ☐ | At a high risk of withdrawal, but manageable at Level 3.7 WM and does not require the full resources of a licensed hospital. |
| Dimension 2 | ☐ | Requires 24-hour medical monitoring but not intensive treatment. |
| Dimension 3 | ☐ | Moderate severity need a 24-hour structured setting. If the patient has a co-occurring mental disorder, requires concurrent mental health services in a monitored setting. |
| Dimension 4 | ☐ | Low interest in treatment and impulse control is poor, despite negative consequences; needs motivating strategies only safely available in a 24-hour structured setting. If there is high severity in Dimension 4 but not in any other dimension, motivational enhancement strategies should be provided in Level 1. |
| Dimension 5 | ☐ | Unable to control use, with imminently dangerous consequences, despite active participation at a less intensive level of care. |

Patient Name:Quang M Vo     DOB:10/12/1971     Medicaid #:

| Dimension 6 | ☐ | Environment is dangerous and the patient lacks skills to cope outside of a highly structured 24-hour setting. |
|---|---|---|

## Treatment Recommendation

**Eligibility Recommendations:** Target Populations Recommendations:n/a
ASAM Recommendations/Level:n/a

| Recommendations (click specific recommendations) | | |
|---|---|---|
| **Emergency Services:** | ☐ Emergency Services | ☐ Mobile Crisis Team |
| | Comment:--- | |
| **Outpatient MH Services:** | ☐ Individual therapy | ☐ Family therapy |
| | ☐ Group therapy | ☐ Psychiatric/ Medication evaluation |
| | ☐ Family Psych-Ed | ☐ Psych Ed Groups |
| | ☐ Parenting Skills | ☐ Targeted Case Management(MH/SA) |
| | Comment:--- | |
| **Evaluations/ Testing:** | ☐ Psychological Testing | ☐ Educational Testing |
| | ☐ Sex Offender Specific Assessment | Comment:--- |
| **Specialized:** | ☐ Domestic Violence(DV) | ☐ Other:--- |
| | Comment:--- | |
| **Medical/ Dental:** | ☐ Health/Medical | ☐ Dental |
| | ☐ Supported Living | ☐ Nutrition/Dietary Counseling |
| | ☐ SSI determination | |
| | ☐ Wellness/Illness | ☐ Management/Recovery |
| | ☐ Home Health Care | |
| | Comment:--- | |
| **Support Groups:** | ☐ Alcoholics Anon | ☐ Narcotics Anon. |
| | ☐ Gamblers Anon. | ☐ Alateen/Alanon |
| | ☐ COSA Groups | |
| | Comment:--- | |
| **Vocational:** | ☐ Vocational Rehab | ☐ Vocational Assessment |
| | ☐ Vocational Skills | |
| | Comment:--- | |
| **Housing/ Financial/ Legal:** | ☐ Legal Assistance | ☐ Housing Assistance |
| | ☐ Financial Assistance | |
| | Comment:--- | |
| **Substance Abuse:** | ☐ IEP/SAP referral | ☐ SAIOP |
| | ☐ SACOT | ☐ Inpatient |
| | ☐ Halfway House | ☐ Other    Substance:--- |
| **Other:** | ☐ Interpreter Services | ☐ DSS |
| | ☐ DJJ | ☐ Faith-based referral |
| | ☐ Veteran Services | ☐ Child |
| | Comment:--- | |

| Other Community Resources needed to support consumer: | Comply with CPS |
|---|---|
| Does Consumer have an adequate support network? | ☑ Yes☐ NoWho is needed?--- |
| Other: | n/a |
| Does consumer have an understanding of the symptoms and behaviors at the present time? | ☑ Yes☐ No |
| How can professionals support the consumer in understanding the diagnoses? | n/a |
| Treatment Recommendations: | Nothing at this time |
| Suggested Priority Goals for Qualified Professional to use in | Nothing at this time |

Case: 1:21-cv-00241-TSB-KLL Doc #: 1 Filed: 04/08/21 Page: 39 of 42 PAGEID #: 39

Patient Name:Quang M Vo    DOB:10/12/1971    Medicaid #:

| Development of Person Centered Plan (Self harm, aggressive behaviors, lack of basic needs, crisis/safety goals,etc): | | |
|---|---|---|

**Clinical Narrative**

Patient was referred to Recovery Defined today for MH/SUD assessment by the Warren County Children's Service department. Patient is a 48 y.o. male, married (but separated at this time), with 3 children, self-employed full time at the time of this interview. Patient reports having an open CPS case due to complications with his wife. Patient reported going through a difficult time with his wife during the process of their divorce. The judge ordered a guardian to complete a recommendation for the children as part of the divorce. At the recommendation of the guardian, the patient and his wife needed a safety plan and contacted CPS. Patient reported having a positive Methamphetamine UA test with CPS but denies any use at that time. Patient has reported using Methamphetamine in his history in a social setting only. Patient admitted to past alcohol and THC use in random times of his life but not on a consistent basis in his history. Patient reports only past experimentation of alcohol, THC and methamphetamine without regular use. The patient doesn't meet criteria for diagnosis at this time. No further recommendation for treatment is recommended at this time. Patient completed all intake paperwork at the time of his visit. Patient signed ROI for his caseworker with CPS and personal attorney. Patient provided a UA at the time of this assessment that was negative for all substances.

**Clinical Team List**

No recommendations at this time

**Legally Responsible Person**    Self:Yes☐ No☐
**Person Receiving Services:**(Required when person is his/her own legally responsible person)

Assign To:Sandra Cullen

**Consumer Name**            **Date**
---                          ---

**Legally Responsible Person (Required if other than person receiving Services)**

**Guardian Name**            **Date**
---                          ---

**Clinician Name/Title**        **Date**
Daniel Reffitt, Chief Operation    09/17/2020
                                03:05 PM

**Clinician Name/Title ***        **Date**
Sandra Cullen                   09/18/2020
                                02:59 AM

*Signature denotes Order for service indicated above

Patient Name:New Old Test
DOB:08/19/1966

or companies who perform treatment, payment or health care operations on our behalf. To request this list of disclosures we made of protected health information about you, you must submit a request in writing to 777 Columbus Ave., Suite 7-D, Lebanon, Ohio 45036. Your request must state a time period which may not be longer than six (6) years prior to the date of your request and may not include dates before April 17, 2017. Your request should indicate the form in which you want the list (for example, on paper or electronically).

Right to a Paper Copy of this Notice. You have the right to a paper copy of this Notice. You may ask us to give you a copy of this notice at any time.

To learn more about these procedures, or to make any of these requests, you should contact us.

CHANGES TO THIS NOTICE
The Agency reserves the right to change this notice. We reserve the right to make the revised or changed Notice effective for protected health information we already have about you, as well as any information we create or receive in the future.

COMPLAINTS
If you believe your privacy rights have been violated and/or that the Agency has not followed this policy, you may file a complaint with our Client Rights Officer at 777 Columbus Ave., Suite 7-D, Lebanon, Ohio 45036 or with the Secretary of the Department of Health and Human Services. All complaints must be submitted in writing. You will not be penalized for filing a complaint.

OTHER USES OF PROTECTED HEALTH INFORMATION
Other uses and disclosures of your protected health information not covered by this notice or the laws that apply to the Agency will be made only with your written permission ("authorization"). If you provide us permission to use or disclose protected health information about you, you may revoke that permission, in writing, at any time, unless you are receiving treatment as a condition of probation, parole or rehabilitation. If you revoke your permission, we will no longer use or disclose protected health information about you for the reasons covered by your authorization. You understand that we are unable to take back any disclosures we have already made with your permission, and that we are required to retain our records of the medical treatment or other services that we have provided to you.

QUESTIONS
If you have any questions regarding this notice, please contact our Client Rights Officer at 513-228-6590.

PATIENT ACKNOWLEDGMENT FORM

Our Notice of Privacy Practices (Notice) provides information about how we may use and disclose protected health information about you. You have the right to receive and review our Notice before signing this acknowledgment. As provided in our Notice, the terms of our Notice may change. If we change our Notice, you may obtain a revised copy.

By signing this form, you acknowledge that you have been informed of our uses and disclosures of protected health information about you for all of the purposes set out in our Notice.

By signing this form, you also acknowledge that a copy of our Notice has been provided to you, that you understand the contents of our Notice and how it applies to you, and that all of your questions regarding the contents of our Notice have been answered.


Patient/Responsible Person          Relationship to Patient          Date
Test, New Old                        Self                             —


Interpreter Name                     Language                         Date
—                                    —                                —

Patient Name:New Old Test
DOB:08/19/1966

**Witness**                    **Date**
**Abigayle Weidner**           —



Generated on 12/1/2020 8:08:32 AM

## Medical Review Officer Report
### -Confidential-

**EXHIBIT**

*C*

| From | DONALD FREEDMAN MD |
|---|---|
| | AMERICAN MEDICAL REVIEW OFFICER |
| | 4237 SALISBURY RD #312 |
| | JACKSONVILLE, FL 32216 |
| | 904.332.0472 |

This is a notification of a controlled substance test result on:

| SPECIMEN INFORMATION | | DONOR INFORMATION | | CLIENT INFORMATION |
|---|---|---|---|---|
| Requisition #: | 4957021 | Name: | VO, HEATHER | 10768375 |
| Accession #: | 130699U | Primary ID: | 2527 | FASTEST LABS OF SOUTH |
| Collected: | 11/27/2020 12:00:00 AM | Reason: | RANDOM | 2078 S ALEX RD |
| Specimen ID: | 4957021 | Collection Site: | OH107 | WEST CARROLLTON, OH 45449 |
| MRO Received: | 11/28/2020 8:18 PM | Test Ordered: | 19870N | |
| MRO Reported: | 12/01/2020 8:21 AM | Laboratory: | Quest Diagnostics-Lenexa 10101 Renner Blvd Lenexa, KS 66219 | |
| MRO Copy CCF2: | | | | |

Substance included in test profile:     Hair Source : Head

| Substance | Screen | Confirm |
|---|---|---|
| AMPHETAMINES (300 pg/mg SCREEN) | 300 | 300 |
| COCAINE / METABOLITES (300 pg/mg SCREEN) | 300 | 300 |
| MARIJUANA METABOLITE THC-COOH (1 pg/mg SCREEN) | 1 | .1 |
| OPIATES (500 pg/mg SCREEN) | 500 | 500 |
| PHENCYCLIDINE (PCP) (300 pg/mg SCREEN) | 300 | 300 |

This controlled substances test was conducted in accordance with applicable screen and confirmation cutoff levels as determined by the test performed on this applicant/employee.

The verified specimen result is: **Negative**

*Donald Freedman MD* (signature)

DONALD FREEDMAN MD