# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

QUANG VO,                                              Case No. 1:21-cv-241
      Plaintiff,                                 Black, J.
                                                      Litkovitz, M.J.

       v.

OHIO DEPARTMENT OF JOB AND                **ORDER AND REPORT AND**
FAMILY SERVICES, *et al.*                 **RECOMMENDATION**
      Defendants.

This matter is before the Court on the motion for judgment on the pleadings by

defendants Warren County Children Services (WCCS), Kyla New, and Kelley Carpenter (Doc.

24); plaintiff Quang Vo's response (Doc. 27); and defendants' reply (Doc. 28). Plaintiff has also

filed a Motion to Take Judicial Notice. (Doc. 16). This motion asks the Court to take judicial

notice of "publicly available admitted facts" in plaintiff's original complaint (Doc. 1) and

defendants' original answer (Doc. 10). (Doc. 16 at PAGEID 137). Plaintiff subsequently filed

an amended complaint (Doc. 22), which defendants have answered (Doc. 23). This amended

complaint "supersedes the original complaint and is the 'legally operative complaint' in this

matter." *Scuba v. Wilkinson*, No. 1:06-cv-160, 2006 WL 2794939, at *2 (S.D. Ohio Sept. 27,

2006) (quoting *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)).

Plaintiff's Motion to Take Judicial Notice is therefore denied as moot.

## I.    Background

The following is derived from plaintiff's amended complaint (Doc. 22) as well as the

Warren County Juvenile Court documents attached to defendants' Answer (Docs. 23-1, 23-2, 23-

3) and referred to in plaintiff's amended complaint (Doc. 22, PAGEID 244-45 at ¶¶ 34, 41).[1]

---

[1] The Court may consider documents integral to or attached to the pleadings when ruling on a Rule 12 motion for judgment on the pleadings without converting the motion into one for summary judgment. *See Com. Money Ctr.,*

In 2019, plaintiff and his wife separated and began divorce proceedings in Warren County, Ohio.  The couple has four minor children.  After plaintiff tested positive for cocaine and methamphetamine and his wife tested positive for cocaine, WCCS became involved in the proceedings in early 2020.  An emergency shelter care hearing took place on August 26, 2020.  Both plaintiff and defendant New, a WCCS caseworker, appeared and testified at that hearing.  The Warren County Juvenile Court magistrate determined that the minor children should be placed in the temporary care of WCCS due to, *inter alia*, their parents' drug use.  In a subsequent adjudication hearing, the Warren County Juvenile Court magistrate affirmed the custody decision reached at the August 26, 2020 emergency shelter hearing.  Plaintiff objected to the Warren County Juvenile Court magistrate's decision, but the Warren County Juvenile Court judge overruled his objections and adopted the decision of the magistrate.

Plaintiff initiated this lawsuit pursuant to 42 U.S.C. § 1983 alleging nine causes of action:

1. "HIPPA violation" against defendant New;

2. "Violation of the Fifth and Fourteenth Amendments to Deprivation of Rights" against all defendants;

3. "Conspiracy to Deprive Plaintiff of His Parental Right, Familial Relationship with their Children, Under the Fourteenth Amendment[]" against all defendants;

4. "[V]iolation of 42 U.S.C. § 1983 equal protection claims" against all defendants;

5. "Petition for Writ of Habeas Corpus" against all defendants;

6. "Declaratory and Injunctive Relief" against all defendants;

---

*Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)) ("[D]ocuments attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss."); *Buck v. Thomas M. Cooley L. Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) ("Although typically courts are limited to the pleadings when faced with a motion under Rule 12(b)(6), a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment.").  *Cf. Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001) ("If referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings.").

7. "Criminal Civil Rights Violation under section 242 of Title 18 Deprivation of Rights Under Color of Law" against defendant New;

8. "Fraud in the Concealment" against defendant New; and

9. Deprivation of Federal Civil Rights (4[2] U.S.C. § 1983)" against defendant New.

(*See* Doc. 22 at PAGEID 247-53).

## II. Standard of Review

A motion for judgment on the pleadings is analyzed under the same standard applicable to a Rule 12(b)(6) motion to dismiss. *See D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). In determining a Rule 12(c) motion, the court must accept all well-pled factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013). The court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *D'Ambrosio*, 747 F.3d at 383 (quoting *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275-76 (6th Cir. 2010) (citation and quotation marks omitted)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 246-47 (6th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Rather, '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* at 247 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### III. Analysis

Defendants argue that WCCS is not *sui juris*, and even if it were, plaintiff has not alleged a plausible *Monell*[2] claim.  They also argue that plaintiff has failed to state a claim against defendant Carpenter because he has not alleged her personal involvement in any of the alleged constitutional claims.  Defendants also argue that there is no private right of action as it relates to plaintiff's first (HIPPA) and seventh (18 U.S.C. § 242) claims.  Defendants argue that the *Rooker-Feldman* doctrine[3] deprives this Court of subject matter jurisdiction over plaintiff's other federal claims (second through sixth and ninth) because, although couched in constitutional terms, plaintiff effectively seeks review of the Warren County Juvenile Court's custody determination.

Defendants also argue that plaintiff's Fifth Amendment Due Process claim is improper because there is no federal party, and plaintiff's Fourteenth Amendment Due Process claims are improper because county caseworkers are not capable of depriving familial rights and are otherwise shielded by quasi-prosecutorial immunity.  Defendants next argue that plaintiff's conspiracy claims fail because plaintiff admitted to a reason, other than racial or gender animus, which resulted in the termination of his parental rights.  Finally, defendants argue that the Court should decline to exercise supplemental jurisdiction over plaintiff's state law fraud claim (claim eight) since the federal claims should all be dismissed and, in any event, defendant New is likely immune from this claim under Ohio law.

---

[2] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) (An entity may be sued under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury. . . .").

[3] *See D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 476 (1983) ("[T]he United States District Court is without authority to review final determinations of [state courts] in judicial proceedings."); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923) ("The jurisdiction possessed by the District Courts is strictly original.").

In response, plaintiff offers little legal support for his causes of action and withdraws his first claim (HIPPA).  (Doc. 27 at PAGEID 379).  Primarily, he reiterates his belief that defendants deprived him of his parental rights through "abuse of power . . . abuse of [] policies and procedures, as well as the perjured testimony [of defendant New]" in the Warren County Juvenile Court proceedings.  (Doc. 27 at PAGEID 379).  Plaintiff also informally requests leave to further amend his complaint to add a *sui juris* party and to "name the specific policies and practices that [] stripped him of his Constitutional Rights."  (*Id.* at PAGEID 376).

A.  "Criminal Civil Rights Violation" (claim seven)

Plaintiff alleges that defendant New violated 18 U.S.C. § 242 by lying in the Warren County Juvenile Court proceedings and thereby depriving him of his parental rights.  This code section reads:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both. . . .

*Id.*  As noted by defendants and unrefuted by plaintiff, however, there is no private right of action under this statute.  *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) ("[T]he district court properly dismissed Oguaju's claim pursuant to 18 U.S.C. §§ 241 or 242 because Oguaju has no private right of action under either of these criminal statutes.").  Claim seven should be dismissed.

B.  *Rooker-Feldman*

The *Rooker-Feldman* doctrine implicates the subject matter jurisdiction of this Court to consider plaintiff's claims.  *See Durham v. Haslam*, 528 F. App'x 559, 565 (6th Cir. 2013)

("[T]he *Rooker-Feldman* doctrine concerns the subject-matter jurisdiction of the district court . . . and 'federal courts have a duty to consider their subject matter jurisdiction in regard to every case. . . .'") (citing *In re Squire*, 617 F.3d 461, 465 (6th Cir. 2010) and quoting *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009)).

The *Rooker-Feldman* doctrine "precludes 'lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments.'" *Skyway Inv. Corp. v. Tushman*, 541 F. App'x 536, 538 (6th Cir. 2013) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)). The doctrine is "confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Subject matter jurisdiction is lacking under the *Rooker-Feldman* doctrine if: (1) the plaintiff is "the losing party in state court," *id.* (quoting *Skinner v. Switzer*, 562 U.S. 521, 531 (2011)); (2) the plaintiff is asking the district court to "'review and reject [ ]' those judgments, which were 'rendered before the district court proceedings commenced,'" *id.* (quoting *Exxon Mobil Corp.*, 544 U.S. at 284); and (3) the plaintiff's "injuries were 'caused[ ]' by the state-court judgment at issue." *Id.* (quoting *Exxon Mobil Corp.*, 544 U.S. at 284). "The pertinent inquiry . . . is whether the 'source of the injury' upon which [the] plaintiff bases his federal claim is the state court judgment, not simply whether the injury complained of is 'inextricably intertwined' with the state-court judgment." *Id.* (alteration in original) (quoting *Kovacic v. Cuyahoga Cnty. Dep't of Child. and Fam. Servs.*, 606 F.3d 301, 309 (6th Cir. 2010)) (quoting *McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006)).

As it pertains to plaintiff's second (Fifth and Fourteenth Amendment Due Process) and ninth (Deprivation of Federal Civil Rights) claims, plaintiff alleges that defendants "lied" and "[m]a[de] false statements" during the Warren County Juvenile Court proceedings to obtain custody of his children.  (Doc. 22, PAGEID 244, 248 at ¶¶ 35, 38, 67, 69).  Plaintiff also alleges that his "parental rights were permanently terminated by the defendants without first taking into consideration [] [p]laintiff's first[] and second drug screen negative tests conducted by the clinical therapist, that plaintiff do[es] not have any drug/alcohol problem and that NO services is recommended at this time. . . ."  (*Id.*, PAGEID 248 at ¶¶ 41-41, 70).  Because plaintiff alleges violations of his constitutional rights independent from the Warren County Juvenile Court's decision itself, *Rooker-Feldman* does not bar this Court's subject matter jurisdiction over his second or ninth claims.

Similarly, as it pertains to plaintiff's third claim (conspiracy violate constitutional rights), plaintiff alleges that WCCS and its employees conspired to deprive him of parental rights based on racial and gender animus independent of how the Warren County Juvenile Court ruled.  (*Id.*, PAGEID 249 at ¶¶ 74, 77).  Because he is not "merely claiming that the decision of the state court was incorrect or that the decision violated h[is] constitutional rights," *Rooker-Feldman* does not bar this Court's subject matter jurisdiction over plaintiff's third claim.  *Kovacic*, 606 F.3d at 310 (quoting *Brokaw v. Weaver*, 305 F.3d 660 (7th Cir. 2002)).

The basis for plaintiff's fourth claim (Fourteenth Amendment equal protection) is not entirely clear from the amended complaint, as it simply incorporates prior paragraphs by reference and then states "that the act of the defendants is unlawful, unfair, or [a] fraudulent practice and unfair, deceptive, untrue, or misleading, prohibited by extant federal laws" without identifying the "act" to which he refers.  (Doc. 22, PAGEID 249 at ¶ 83).  Construing plaintiff's

pro se amended complaint liberally as the Court must on a Rule 12(c) motion, the Court construes the amended complaint to allege that defendant New's actions, as well as those of the other defendants, were "motivated by animus directed at him based on his gender and race." (Doc. 22, PAGEID 249 at ¶ 77). Construed in such a way, the alleged injury is not the Warren County Juvenile Court decision in and of itself, and *Rooker-Feldman* does not bar this Court's subject matter jurisdiction over plaintiff's fourth claim.

Plaintiff's fifth and sixth claims, however, appear rooted in the Warren County Juvenile Court's decision itself. In his "Writ of Habeas Corpus" claim, plaintiff complains that the "wrongful removal" and "abduction" of his children violate his right to equal protection under the law. (*Id.*, PAGEID 250 at ¶¶ 89-90). In his "Declaratory and Injunctive Relief" claim, plaintiff seeks "a declaration of rights with respect to this controversy[,]" which he characterizes as the "withhold[ing]" of his children. (*Id.* at ¶¶ 93-94). The source of the injuries alleged in these claims flows directly from the decision of the Warren County Juvenile Court to remove plaintiff's children from his custody; as such, the *Rooker-Feldman* doctrine is a bar to this Court's subject matter jurisdiction over these claims. *Tushman*, 541 F. App'x at 538.

C. Entity liability

Whether a county agency may be sued is governed by the law of the state in which the district court is held. *See* Fed. R. Civ. P. 17(b). Under Ohio law, neither a county nor its department of job and family services is *sui juris*. *Lowe v. Hamilton Cnty. Dep't of Job & Fam. Servs.*, No. 1:05-cv-117, 2008 WL 816669, at *2 (S.D. Ohio Mar. 26, 2008) (citing *McGuire v. Ameritech Servs., Inc.*, 253 F. Supp. 2d 988, 1015 (S.D. Ohio 2003)). Moreover, plaintiff should not be permitted to further amend his pleadings to name a proper party.[4] Plaintiff was already

---

[4] Counties "are held accountable through their elected representatives, to wit, their commissioners." *McGuire*, 253 F. Supp. 2d at 1015.

granted leave to amend his complaint without opposition by defendants.  (Docs. 20-22).  The calendar deadline to amend pleadings ran July 22, 2021 (Doc. 18), and plaintiff has not shown good cause under Fed. R. Civ. P. 16(b) for seeking leave to further amend his complaint.  *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).  Finally, in his response, plaintiff does not identify a specific policy or practice that would serve as the basis for an entity liability claim under *Monell*.  *Cf. Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir. 1999) ("The futility of amending [the plaintiff's] complaint would have been appropriate grounds on which to deny the motion to amend.").

To state a 42 U.S.C. § 1983 claim for relief against an entity, plaintiff must allege facts showing that the misconduct giving rise to his injuries was the result of a policy, regulation, decision, or custom promulgated by the entity.  *Bright v. Gallia Cnty., Ohio*, 753 F.3d 639, 660 (6th Cir. 2014) (citing *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003)).  The plaintiff must plead: "(1) that a violation of a federal right took place, (2) that the defendants acted under color of state law, and (3) that a[n entity]'s policy or custom caused that violation to happen."  *Id.* at 660 (citing *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008)).  *See also Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (municipality's policy must be "the moving force" behind the alleged constitutional deprivation) (citing *Monell*, 436 U.S. at 694).  "The 'official policy' requirement [of *Monell*] was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible."  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986).  *See also Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory.").

"[T]o satisfy the [*Monell*] requirements a plaintiff must 'identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (citing *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds as stated in Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). *See also Burgess v. Fischer*, 735 F.3d 462, 479 (6th Cir. 2013) ("[E]ven assuming there was an underlying constitutional violation, we affirm the dismissal of the *Monell* claim because Plaintiffs have failed to set forth sufficient facts to establish an unconstitutional custom or policy.").

In his amended complaint, the extent of plaintiff's allegations regarding a policy or practice by an entity related to the alleged constitutional violations is the following: "[p]laintiff brings this action against defendants which allegedly carried out the State of Ohio's policies regarding improper removal of children, improper medical and psychological examinations, as well as other unconstitutional policies." (Doc. 22, PAGEID 240 at ¶ 1). Even in his response, plaintiff continues to refer generally to offending policies but does not specifically identify any such policy. (*See* Doc. 27 at PAGEID 376, 379-80). *See Mehlman v. Cincinnati Children's Hosp. Med. Ctr.*, No. 1:20-cv-813, 2021 WL 3560571, at *7 (S.D. Ohio Aug. 11, 2021) (denying "informal, undeveloped request" to amend complaint where the plaintiff did not proffer a proposed amended complaint, set forth the relevant proposed allegations, or move the court for such relief). *Cf. Begala v. PNC Bank, Ohio, Nat. Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000) ("What plaintiffs may have stated, almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is also not a motion to amend.").

WCCS is not *sui juris* and plaintiff fails to identify a policy or custom of WCCS that allegedly resulted in constitutional injury. Accordingly, plaintiff's informal request to further

amend his complaint should be denied, and plaintiff's claims as against WCCS (claims two through six) should be dismissed.

    D. <u>Defendant Carpenter</u>

Defendant Carpenter is a WCCS employee, "the Administrat[or] of shelters; the case worker assigned thereto" according to plaintiff's amended complaint. (Doc. 22, PAGEID 243 at ¶¶ 20, 22). The only allegation in plaintiff's amended complaint pertaining to conduct by defendant Carpenter is as follows: "Defendant Kelly Carpenter in concert and conspire (sic) with one another deprived plaintiff of his parental rights without lawful means." (*Id.*, PAGEID 247 at ¶ 54). Defendant Carpenter otherwise appears only in the "jurisdiction" and "parties" sections of the amended complaint. (*Id.* at PAGEID 241, 243).

In the Sixth Circuit, employees of an entity can be held personally liable in damages under § 1983 only for their own unconstitutional behavior or to the extent that they "implicitly authorized, approved, or knowingly acquiesced" to unconstitutional behavior. *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989) (quoting *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982)). Put differently, § 1983 liability is premised on *active* unconstitutional behavior and not a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff's amended complaint makes no such allegations. Plaintiff's claims against defendant Carpenter (two through six) should therefore be denied.

E.  Due Process claims[5]

As an initial matter, plaintiff's Fifth Amendment Due Process claim fails as a matter of law because plaintiff fails describe action by the federal government.  *Scott v. Clay Cnty., Tenn.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000) (citation omitted) ("[T]he Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government.").  Plaintiff does not refute defendants' argument in his response.  Plaintiff's Fifth Amendment Due Process claim should be dismissed as to all defendants.

As it pertains to the Fourteenth Amendment, plaintiff's Due Process claims appear to contain both substantive and procedural components.  (*See* Doc. 22, PAGEID 248 at ¶¶ 66-67, 70; PAGEID 253 at ¶¶ 118-20).  The substantive component of his claims, which is premised on the deprivation of parental rights, should fail.  In a case directly on point, the plaintiff (a parent) filed suit against a county child services case worker after losing custody of her children, and the Sixth Circuit held:

> [C]ounty caseworkers cannot be held liable for a juvenile court's decision to deprive a parent of custody "[b]ecause Ohio law refers custody decisions to the juvenile court, which has independent authority to conduct hearings and collect evidence." *Teets v. Cuyahoga Cty.*, 460 F. App'x 498, 502 (6th Cir. 2012) (citing *Pittman v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 640 F.3d 716, 729 (6th Cir. 2011)).  "[E]ven intentional misrepresentations by a social worker during an investigation leading up to Ohio custody proceedings do not violate the parent's substantive due process rights because *the social worker has no independent ability to institute the alleged deprivation*." *Id.*  Thus, when "the [plaintiff] seek[s] to hold [county caseworkers] accountable for subsequent criminal or juvenile court actions, that argument also fails." *Id.*

---

[5] Plaintiff's second ("Violation of the Fifth and Fourteenth Amendments to Deprivation of Rights") and ninth ("Deprivation of Federal Civil Rights (4[2] U.S.C. § 1983)") claims both appear to allege substantive and procedural Due Process claims.  (Doc. 22, PAGEID 248-49 at ¶¶ 64-71, PAGEID 252-53 at ¶¶ 116-21).

*Arsan v. Keller*, 784 F. App'x 900, 910 (6th Cir. 2019) (emphasis added).  Defendant New had

"no independent ability" to grant WCCS temporary custody of plaintiff's minor children.  *Id.*

Plaintiff's Fourteenth Amendment substantive Due Process claims should be dismissed.

The plaintiff in *Arsan* also argued, as plaintiff does here, that the hearing conducted in

connection with the deprivation of her parental rights was unfair—a procedural Due Process

claim.  *Id.* at 910-11.  The Sixth Circuit held:

> When an aggrieved parent sues county caseworkers for their conduct during child
> custody proceedings culminating in the deprivation of custody by the juvenile
> court, however, responsibility for procedural deficiencies lies with the juvenile
> court, not the caseworkers.  *Pittman*, 640 F.3d at 730.  *When caseworkers give
> testimony or otherwise participate as legal advocates in custody hearings, quasi-
> prosecutorial immunity shields them from liability.  Id.* at 724.  This immunity,
> which is absolute and applies in the same way as prosecutorial immunity, shields
> caseworkers from damages even when they knowingly make false or defamatory
> statements, *id.* at 725, or when their conduct is "unquestionably illegal or
> improper," [*Cady v. Arenac Cnty.*, 574 F.3d 334, 340 (6th Cir. 2009)].  All that
> matters is that the alleged illegal conduct stems from the caseworker's "capacity
> as a legal advocate," such as testifying in juvenile court.  *Pittman*, 640 F.3d at
> 724.

*Id.* at 911 (emphasis added).

Plaintiff's procedural Due Process allegations concerning defendant New unquestionably

involve the latter's "capacity as a legal advocate."  *Id.* (quoting *Pittman*, 640 F.3d at 724).

Plaintiff alleges that defendant New lied to the Warren County Juvenile Court judge, and

"defendants" terminated plaintiff's parental rights without considering evidence about plaintiff's

negative drug tests.  (Doc. 22, PAGEID 248 at ¶¶ 35, 67, 70).  Defendant New is shielded by

quasi-prosecutorial immunity from plaintiff's Fourteenth Amendment procedural Due Process

claims, and as discussed above, defendants cannot be held liable for any substantive due process

claim based on the Warren County Juvenile Court's decision granting WCCS custody of

plaintiff's children.

F.  Equal protection claim

In his fourth claim, plaintiff alleges that defendants deprived plaintiff of the equal

protection of the law.

> To state an equal protection claim, a plaintiff must adequately plead that the
> government actor *treated her "disparately as compared to similarly situated*
> *persons* and that such disparate treatment either burdens a fundamental right,
> targets a suspect class, or has no rational basis." *Club Italia Soccer & Sports*
> *Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 298 (6th Cir. 2006), *overruled*
> *on other grounds by Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 128 S.Ct.
> 2146, 170 L.Ed.2d 975 (2008).  Thus, "[t]he threshold element of an equal
> protection claim is disparate treatment," *Scarbrough v. Morgan Cty. Bd. of Educ.*,
> 470 F.3d 250, 260 (6th Cir. 2006).

*Arsan*, 784 F. App'x at 912 (emphasis added).  Plaintiff's amended complaint contains no

allegations concerning his treatment as compared with similarly situated members of a different

race or gender.  As a result, plaintiff's equal protection claim should be dismissed.

G.  Conspiracy claims

Plaintiff alleges that defendants conspired to deprive him of his parental rights and the

equal protection of the law.  Plaintiff's conspiracy claims should be dismissed.  Plaintiff's

amended complaint provides no factual content or context from which the Court may reasonably

infer that the defendants conspired against plaintiff to violate his constitutional rights.  *Iqbal*, 556

U.S. at 678.  Plaintiff's allegations of conspiracy are unsupported by specific facts, amount to

legal conclusions couched as factual allegations, and are insufficient to give the defendants or the

Court notice of the factual basis for plaintiff's conspiracy claims.  *Twombly*, 550 U.S. at 555.  "It

is 'well-settled that conspiracy claims must be pled with some degree of specificity and that

vague and conclusory allegations unsupported by material facts will not be sufficient to state

such a claim under § 1983.'"  *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) (quoting

*Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)).  Plaintiff has not alleged factual

allegations to support the inference that a single conspiratorial plan existed, that the alleged co-conspirators shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy.  *See Anderson v. Cnty. of Hamilton*, 780 F. Supp. 2d 635, 643-44, 652 (S.D. Ohio 2011) (and cases cited therein).  Plaintiff's allegations are simply too conclusory to state a claim of a conspiracy to violate a right protected by § 1983.  (*See* Doc. 22, PAGEID 247 at ¶¶ 53-54, PAGEID 249 at ¶¶ 74-75).  Accordingly, plaintiff's claim of conspiracy under Section 1983 should be dismissed against all defendants.

Section 1985 of Title 42 provides a cause of action for conspiracy to deprive an individual equal protection of the law.  *See* 42 U.S.C. § 1985(3).  To state a § 1985(3) claim, plaintiff must show that (1) two or more persons conspired (2) for the purpose of depriving the plaintiff of the equal protection of the laws due to racial or class-based discriminatory animus, (3) an act "in furtherance of the object of such conspiracy" and (4) an injury to the plaintiff resulting from such act.  *See United Bhd. of Carpenters, Local 610 v. Scott,* 463 U.S. 825, 828-29 (1983).  *See also Ashbiegu v. Purviance*, 76 F. Supp. 2d 824, 830 (S.D. Ohio 1998).  As with his Section 1983 conspiracy claim, plaintiff has failed to plead specific facts in support of his § 1985 conspiracy claim.  Plaintiff has alleged no facts showing that defendants' actions were in any way motivated by racial or class-based animus; plaintiff simply alleges that defendants "were motivated by animus directed at him based on his gender and race."  (Doc. 22, PAGEID 249 at ¶ 77).  Therefore, plaintiff's conspiracy claim under § 1985(3) should be dismissed.

H.  Underline State law claim

Plaintiff's eighth claim alleges "Fraud in the Concealment" against defendant New. (Doc. 22 at PAGEID 252).  Because the undersigned recommends dismissal of all federal claims, the Court should decline to exercise supplemental jurisdiction over this claim.  *See Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996), *amended on denial of*

*reh'g*, No. 95-5120, 1998 WL 117980 (6th Cir. Jan. 15, 1998) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims. . . .") (citations omitted).  There appear to be no "unusual circumstances" to warrant retaining jurisdiction.  *See id.* at 1255 (quoting *Gaff v. Fed. Deposit Ins. Corp.*, 814 F.2d 311, 319 (6th Cir. 1987)).

Moreover, even if the Court elected to exercise supplemental jurisdiction over this claim, plaintiff has failed to allege facts showing that defendant New is not entitled to immunity under the Political Subdivision Tort Liability Act.  Ohio Revised Code § 2744.03(A)(6) sets forth the individual immunity afforded to a political subdivision's employees.  *See Chesher v. Neyer*, 477 F.3d 784, 797 (6th Cir. 2007) ("Whether the defendants are liable as individuals thus turns on the availability of statutory immunity. . . [and] whether any of the immunity exceptions under § 2744.03(A)(6) apply.").  This code section provides that such individuals are immune from liability unless:

> (a)  The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;
>
> (b)  The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;
>
> (c)  Civil liability is expressly imposed upon the employee by a section of the Revised Code. . . .

Ohio Rev. Code § 2744.03(A)(6).  Other than conclusory references to defendants' actions being "willful[] and wanton" and defendant New being "guilty of malice[,]" plaintiff's amended complaint is devoid of allegations suggesting that any of the exceptions to her immunity under § 2744.03(A)(6) apply.  (Doc. 22, PAGEID 250 at ¶ 87, PAGEID 252 at ¶ 115).  If the Court elects to consider this claim, it should be denied.

## IV.    Conclusion

Plaintiff withdrew his first claim and there is no private right of action to sustain his seventh claim.  The *Rooker-Feldman* doctrine deprives the Court of subject matter jurisdiction over plaintiff's fifth and sixth claims.  Plaintiff's remaining constitutional claims (claims two through four) should be denied against defendant WCCS because it is not *sui juris* and plaintiff should not be permitted to further amend his complaint.  These claims should be denied against defendant Carpenter because plaintiff alleges no unconstitutional actions taken by her.  These claims, along with claim nine (asserted only against defendant New) should also be dismissed against defendant New.  As it pertains to plaintiff's Due Process claims, defendant New is neither a federal actor nor responsible for the alleged deprivation of parental rights (i.e., custody determination), and she is shielded by quasi-prosecutorial immunity in her capacity as a legal advocate.  As it pertains to plaintiff's equal protection claim (claim four), he fails to allege disparate treatment of any kind.  As it pertains to plaintiff's conspiracy claims (claim three), his allegations are conclusory and lack the specificity required for such claims.

**IT IS THEREFORE ORDERED THAT** plaintiff's Motion to Take Judicial Notice (Doc. 16) is **DENIED as moot**.

**IT IS THEREFORE RECOMMENDED THAT** defendants' motion for judgment on the pleadings (Doc. 24) be **GRANTED**.

**IT IS SO ORDERED.**

Date:    12/20/2021

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

QUANG VO,                                          Case No. 1:21-cv-241
      Plaintiff,                              Black, J.
                                                   Litkovitz, M.J.

      v.

OHIO DEPARTMENT OF JOB AND
FAMILY SERVICES, *et al.*
      Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).