## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

QUANG VO,                                            Case No. 1:21-cv-241
      Plaintiff,                                   Black, J.
                                                     Litkovitz, M.J.
      v.

OHIO DEPARTMENT OF JOB AND                           **REPORT AND**
FAMILY SERVICES, *et al.*                            **RECOMMENDATION**
      Defendants.

This matter is before the Court on pro se plaintiff Quang Vo's motion for leave to file a second amended complaint (Doc. 34) and defendants' response (Doc. 36). Plaintiff initiated this lawsuit on April 8, 2021, pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff alleged numerous claims related to state court custody proceedings that resulted in the loss of his parental rights. (*See id.*). In July and August 2021, plaintiff sought and was granted leave to amend his complaint. (*See* Docs. 20-22). Thereafter, defendants moved for judgment on the pleadings. (Doc. 24). On December 21, 2021, the Court issued a Report and Recommendation to grant that motion, which remains pending before the District Judge. (Doc. 30). On February 1, 2022, plaintiff filed the instant motion.

## I.     Applicable law

Rule 15(a) of the Federal Rules of Civil Procedure provides that the Court "should freely give leave [to amend] when justice so requires." Rule 15(a), however, must be read in conjunction with Rule 16(b), which provides that a scheduling order limiting the time to amend pleadings may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Once the deadline set forth in the scheduling order has passed, a plaintiff first must show good cause under Rule 16(b) for failing to seek leave to amend in compliance with the

terms of the scheduling order before the Court will consider whether amendment of the complaint is proper under Rule 15(a). *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

Good cause is measured by a party's due diligence in attempting to meet the scheduling deadlines set by the Court. *Id.* at 906 (citing Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment; *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). "In order to demonstrate good cause, the plaintiff must show that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment." *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014) (citing *Leary*, 349 F.3d at 906). *See also Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986)) ("To deny a motion to amend, a court must find 'at least some significant showing of prejudice to the opponent.'"). However, "the absence of prejudice to the opposing party is not equivalent to a showing of good cause." *Wagner v. Mastiffs*, Nos. 2:08-cv-431, 2:09-cv-172, 2011 WL 124226, at *4 (S.D. Ohio Jan. 14, 2011) (citing *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)).

"In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). The test for futility is whether the amended complaint "could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

## II.    Analysis

The deadline for seeking leave to amend the pleadings expired on July 22, 2021, and discovery closed on January 31, 2022.  (Doc. 18).  Plaintiff filed the present motion on February 1, 2022—over six months after the amended-pleading deadline expired.  Moreover, this is plaintiff's second such motion, and it comes six weeks after the Court's Report and Recommendation regarding defendants' motion for judgment on the pleadings.  (*See* Docs. 20 and 30).  Plaintiff must therefore show good cause for filing the instant motion significantly beyond the amended-pleading deadline set forth in the Court's scheduling Order (Doc. 18).  *See* Fed. R. Civ. P. 16(b)(4); *Leary*, 349 F.3d at 909.

Plaintiff does not address Rule 16(b) explicitly, but he alludes to satisfying its good-cause requirement by reference to a November 1, 2021, opinion from the 12th District Court of Appeals in Warren County, Ohio (12th District opinion) (*see* Doc. 34-3) entered after the filing of his first amended complaint in this case.  In that opinion, the 12th District "reverse[d] and vacate[d] the juvenile court's adjudication" of plaintiff's children "as dependent children under [Ohio Revised Code §] 2151.04(C)."  (*Id.* at PAGEID 580).  On February 10, 2022, the same court filed an entry dismissing plaintiff's writ of mandamus.  (Doc. 37-1) (February 2022 entry).  The February 2022 entry explains that less than two weeks after the 12th District opinion, the court-appointed special advocate for plaintiff's children filed four new complaints in the juvenile court alleging that plaintiff's children were dependent children under Ohio Revised Code § 2151.04(C).  (*Id.* at PAGEID 728).  After a shelter care hearing held the same day, the juvenile court again placed plaintiff's children in the temporary custody of Warren County Children Services (WCCS).  (*Id.*).  Plaintiff responded by petitioning for a writ of mandamus, alleging that WCCS and the Warren County Juvenile Court had disobeyed the 12th District opinion.  (*Id.*).  The 12th District

Court of Appeals denied the petition and held that the "juvenile court has continuing jurisdiction over children until they reach the age of majority." (*Id.* at PAGEID 729).

The Court may take judicial notice of the 12th District opinion and February 2022 entry because "[j]udicial records are a source of 'reasonably indisputable accuracy' when they record some judicial action such as dismissing an action, granting a motion, or finding a fact." *Goff v. Nationwide Mut. Ins., Co.*, 825 F. App'x 298, 301 (6th Cir. 2020) (quoting *United States v. Ferguson*, 681 F.3d 826, 834 (6th Cir. 2012) (quoting 21B Charles Alan Wright et al., Federal Practice and Procedure § 5106.4 (2d ed. 2005))).

Broadly, plaintiff's motion appears premised on his belief that WCCS unlawfully and unconstitutionally kept plaintiff's children in its custody after this 12th District opinion. (*See* Doc. 34-1, PAGEID 518-19 at ¶¶ 2, 3, and 9; PAGEID 523-24 at ¶¶ 34-35; PAGEID 529 at ¶¶ 63-34; PAGEID 533-34 at ¶¶ 91-92; PAGEID 536 at ¶ 108; PAGEID 538-39 at ¶¶ 119 and 129; and PAGEID 542 at ¶¶ 148-149). Plaintiff seeks to: (1) add the director of WCCS, Susan Walther, and the Warren County, Ohio (Warren County) Board of Commissioners[1] as defendants; (2) "add additional policies and rules, conduct[], acts and inactions that are unconstitutional to Plaintiff's constitutional and equitable rights . . . as they have deliberately seized plaintiff's minor children despite a subsisting valid order from a competent court of appeal to give custody of the children to Plaintiff"; and (3) clarify his allegations of illegal and unconstitutional conduct by defendants New and Carpenter. (*See* Doc. 34 at PAGEID 512-13).

While good cause is a threshold requirement in this case, the Court is also to examine the futility of the proposed amendment when ruling on plaintiff's motion for leave to amend.

---

[1] Plaintiff erroneously identifies James R. Kern, III, who is the Commissioner of Warren County, New Jersey. *See* https://www.warrencountynj.gov/Home/Components/StaffDirectory/StaffDirectory/36/131 (last visited March 9, 2022).

*Brumbalough*, 427 F.3d at 1001.  Even assuming plaintiff satisfies the good-cause requirement, futility is the primary impediment to plaintiff's proposed second amended complaint.  The Court therefore begins with futility.

    A. <u>Futility</u>

Plaintiff's motion for leave to amend should be denied to the extent he seeks to add WCCS director Susan Walther as a defendant.  Plaintiff alleges in the proposed second amended complaint that proposed defendant Walther is responsible for "municipal policy or custom[s]" and "fail[ed] to adequately train, supervise, or discipline" her employees.  (Doc. 34-1, PAGEID 520 at ¶¶ 12-13).  WCCS is a division of Warren County.  *See* Ohio Rev. Code § 5153.02 ("Each county shall have a public children services agency.").  Counties are held accountable through their elected representatives, i.e., commissioners.  *Lowe v. Hamilton Cnty. Dep't of Job & Fam. Servs.*, No. 1:05-cv-117, 2008 WL 816669, at *2 (S.D. Ohio Mar. 26, 2008); *see* Ohio Rev. Code § 305.12 ("The board of county commissioners may sue and be sued . . . in any court.").  Entity-liability claims are not properly asserted against an unelected director of one of Warren County's agencies and must instead be asserted against Warren County's Board of Commissioners.  *See Lowe*, 2008 WL 816669, at *2.  An amendment to add Susan Walther as a defendant would therefore be futile because the Court could not grant the relief requested as to proposed defendant Walther.  *See Rose*, 203 F.3d at 421.

Regarding the Warren County Board of Commissioners (leaving aside plaintiff's misidentification of the named party), the Court previously recommended that further amendment to plaintiff's complaint to assert entity-liability claims is not warranted.  (*See* Doc 30 at PAGEID 410-11).  As the Court there explained, to state an entity-liability claim under *Monell*

*v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978),[2] plaintiff must identify a specific Warren County custom or policy and tie such custom or policy to the alleged constitutional injury.  (*See* Doc. 30 at PAGEID 408-11 (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *Monell*, 436 U.S. at 691; *Bright v. Gallia Cnty., Ohio*, 753 F.3d 639, 660 (6th Cir. 2014); *Burgess v. Fischer*, 735 F.3d 462, 479 (6th Cir. 2013); and *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (citing *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds as stated in Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001))).

Plaintiff's proposed second amended complaint fails to identify any specific Warren County policies or customs that caused his injury in this case.  As related to the period prior to the 12th District opinion, plaintiff makes conclusory allegations regarding policies or customs and primarily asserts allegedly illegal actions taken by WCCS.  (*See, e.g.*, Doc. 34-1, PAGEID 525-26 at ¶ 46 ("In July 2020, WC[C]S kidnaped Plaintiff's children without a court order. . . . This conduct, policy, and custom of WCCS was done in violation of Plaintiff's Fourth and Fourteenth Amendment Rights."); *see also id.*, PAGEID 526 at ¶¶ 47-49; PAGEID 530 at ¶¶ 71-72; PAGEID 531 at ¶ 78; PAGEID 532 at ¶¶ 82-85; PAGEID 534-36 at ¶¶ 94-95, 98-99, 101-04, and 106-11; PAGEID 537-38 at ¶¶ 115-118 and 120; and PAGEID 539 at ¶¶ 127-28).

As related to the period after the 12th District opinion, plaintiff's proposed second amended complaint still fails to refer to any specific Warren County policies or customs. Plaintiff makes only general, conclusory statements without identifying an actual policy or custom; plaintiff primarily alleges that Warren County unlawfully retained custody of his

---

[2] In *Monell*, the Supreme Court held that an entity may be sued under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury. . . ." *Id.* at 694.

children. (*See, e.g.*, Doc. 34-1, PAGEID 523 at ¶ 34 ("WCCS policies, rules, conduct[], acts and inactions are unconstitutional to Plaintiff's constitutional and equitable rights, WCCS ha[s] deliberately seized Plaintiff's minor children without probable cause, despite a subsisting valid order from a competent court of Appeal of Ohio to give custody of the children to Plaintiff."); *see also id.*, PAGEID 524 at ¶ 35; PAGEID 529 at ¶¶ 63-34; PAGEID 533-34 at ¶¶ 91-92, and 94; PAGEID 536 at ¶ 108; PAGEID 538 at ¶ 119; and PAGEID 542 at ¶¶ 148-149).

In sum, plaintiff's proposed second amended complaint does not contain factual allegations to support any claims for entity liability premised on Warren County customs or policies either prior to or following the 12th District opinion. *See Rose*, 203 F.3d at 421. Granting plaintiff's motion to amend to allege such claims would therefore be futile.

B. <u>Lack of good cause</u>

As it pertains to clarifying plaintiff's claims against defendants New and Carpenter, the motion for leave to amend should be denied for failure to demonstrate good cause. The related allegations of the proposed second amended complaint span January through November 2020—well before amendments to plaintiff's complaint were due. (Doc. 34-1, PAGEID 524-532 at ¶¶ 41-45, 47, 49, 52-53, 56-57, 68, 71-73, 78-82, and 84; PAGEID 535-38 at ¶¶ 99-102, 104, 106-07, and 116-118; and PAGEID 541-44 at ¶¶ 136-38, 140-145, 156, and 158-160). Plaintiff's second amended complaint fails to allege any specific conduct by defendants New and Carpenter related to the 12th District decision, which is the only reason proffered toward Rule 16(b)'s good-cause requirement. Plaintiff's motion for leave to amend should be denied for failure to demonstrate good cause as it pertains to defendants New and Carpenter.

To the extent plaintiff seeks to assert an entity-liability claim based on Warren County's failure to adequately train defendants New and Carpenter, his motion should also be denied for

failure to demonstrate good cause. Plaintiff alleges in the proposed second amended complaint that the proposed Warren County defendants can be held liable for their "failure to adequately train, supervise, or discipline [defendants New and Carpenter]. . . ." (*Id.*, PAGEID 520 at ¶ 13; *see also id.*, PAGEID 534 at ¶ 95; PAGEID 535 at ¶ 105). "A municipality's culpability for a deprivation of rights is at its most tenuous[,]" however, "where a claim turns on a failure to train" and requires a showing of deliberate indifference on the part of the municipality. *Connick v. Thompson,* 563 U.S. 51, 61 (2011)); *see Berry v. Delaware Cnty. Sheriff's Off.*, 796 F. App'x 857, 861 (6th Cir. 2019); *Roell v. Hamilton Cnty., Ohio/Hamilton Cnty. Bd. of Cnty. Comm'rs*, 870 F.3d 471, 487 (6th Cir. 2017). Beyond using the phrase "failure to . . . train," plaintiff's proposed second amended complaint includes no factual bases for such a claim. Moreover, as explained above, the allegations in the proposed second amended complaint pertaining to defendants New and Carpenter, upon which a failure-to-train claim would presumably be based, significantly predate the expired deadline to amend plaintiff's complaint. Plaintiff presents no good cause for failing to seek to add this claim prior to that deadline. Plaintiff's motion for leave to amend should be denied for failure to demonstrate good cause with respect to his proposed failure-to-train claim.

Finally, in addition to being futile, plaintiff's belated attempt to add *Monell* claims related to events *prior to* the 12th District opinion is not supported by good cause. Plaintiff failed to seek leave to further amend his complaint to add *Monell* claims when defendants first moved for judgment on the pleadings in August 2021. Plaintiff then waited six weeks after this Court's Report and Recommendation thereon to file the instant motion. As noted above, the only cause alluded to in plaintiff's motion for leave to amend is the 12th District opinion. *See* Fed. R. Civ.

P. 16(b). Even assuming the 12th District opinion demonstrates *good* cause under Rule 16(b), it would not excuse late and unrelated *Monell* claims.

In sum, plaintiff has failed to demonstrate good cause under Rule 16(b)(4) for the untimely proposed second amended complaint as related to (1) defendants New and Carpenter, (2) failure-to-train claims against Warren County, and (3) *Monell* claims based on events prior to the 12th District opinion.

C. <u>Prejudice to defendants</u>

Finally, defendants would be significantly prejudiced by another amendment to plaintiff's complaint at this juncture. *See Duggins*, 195 F.3d at 834 (courts are required to discuss prejudice to the defendant(s) in ruling on a motion to amend). Discovery closed prior to plaintiff filing this motion. (*See* Doc. 18). The Sixth Circuit has held that allowing an amended complaint after the close of discovery is prejudicial. *See Duggins*, 195 F.3d at 834. In addition, amendment would be futile as to plaintiff's entity-liability claims for the reasons discussed in Part II(A), above. As such, granting leave to further amend plaintiff's complaint would significantly prejudice defendants.

**III.    Conclusion**

Plaintiff seeks leave to file a second amended complaint to (1) add parties that allow him to pursue *Monell* and failure-to-train claims, (2) add *Monell* claims related to the 12th District opinion, and (3) clarify his existing claims against defendants New and Carpenter. As it relates to *Monell* claims, plaintiff's proposed second amended complaint is futile because it would not withstand a Rule 12(b)(6) motion to dismiss. Plaintiff has also failed to demonstrate good cause under Rule 16(b)(4) for failing to timely (1) clarify his claims against defendants New and Carpenter, (2) allege failure-to-train claims with respect to defendants New and Carpenter, or (3)

allege *Monell* claims related to events prior to the 12th District opinion.  Granting plaintiff's motion to amend his complaint after the close of discovery would be futile and would prejudice defendants.

   **IT IS THEREFORE RECOMMENDED** that plaintiff's motion for leave to amend (Doc. 34) be **DENIED**.

Date:   3/16/2022

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

QUANG VO,                                                    Case No. 1:21-cv-241
      Plaintiff,                                 Black, J.
                                                             Litkovitz, M.J.

     v.

OHIO DEPARTMENT OF JOB AND
FAMILY SERVICES, *et al.*
      Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).