UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| QUANG VO, | : | Case No. 1:21-cv-241 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | Magistrate Judge Karen L. Litkovitz |
| OHIO DEPARTMENT OF JOBS AND FAMILY SERVICES, *et al.*, | : | |
| Defendants. | : | |

DECISION AND ENTRY
ADOPTING THE REPORTS AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE (Docs. 30 and 38)

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Karen L. Litkovitz. Pursuant to such reference, the Magistrate Judge, on December 21, 2021, submitted a Report and Recommendation (R&R) which recommended granting Defendants' motion for judgment on the pleadings. (Doc. 30.) Plaintiff Quang Vo filed objections. (Doc. 33).[1]

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court finds that the Report and Recommendation (Doc. 30) is hereby adopted in its entirety.

---

[1] Vo has also filed a motion for an extension of time to respond to this R&R. (Doc. 31). While he has technically filed objections late (*see* Doc. 33), the Court will nonetheless consider the objections. Accordingly, it will deny as moot the motion for an extension. (Doc. 31).

Vo first objects that the Magistrate erred because Vo has met the elements of a cause of action under 42. U.S.C. §1983. Specifically, Vo states he demonstrated a liberty interest, and he was denied process. (Doc. 33 at PageID# 468). As the Magistrate Judge's R&R makes clear, Vo's pleading remains deficient in that he has not identified an actual "policy," as is required of a §1983 claim against an entity. (*See* Doc. 30 at 9). Vo's follow up memorandum of law also fails to identify a policy. (Doc. 33 at PageID# 475). Accordingly, Vo's objection is not well taken.

Vo next objection is simply that "this court has jurisdiction over the state claim." (*Id.*). But, as explained by the Magistrate Judge, the question is whether the Court should "exercise" its supplemental jurisdiction, not whether it has it. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); (Doc. 30 at 16). The Magistrate Judge persuasively establishes why the Court should not exercise that jurisdiction—namely, because the Magistrate Judge recommends dismissing all the claims over which this Court would have federal-question jurisdiction. (*See* Doc. 30 at 16-17 (citing *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)). There is no fault in that reasoning, and it is no answer to simply assert that the Court has "jurisdiction." This objection is thus lacking.

Vo next objects that Defendants Carpenter and Defendant New acted under color of state law, and their conduct clearly violated established constitutional rights. (Doc. 33 at PageID# 483). Vo's objection here fails to raise a problem with the Magistrate Judge's reasoning. Based on Vo's pleadings, Carpenter has seemingly no involvement in the conduct at issue. Even if the allegations against New were true, Sixth Circuit case

2

law forecloses liability against her. (*See* Doc. 30 at 12-13 (citing *Arsan v. Keller*, 784 F. App'x 900, 910-911 (6th Cir. 2019)).  For these reasons, this objection is not well-taken.

Vo's fourth objection effectively duplicates his first but also adds language about the Magistrate Judge getting the "heightened" pleading standard wrong—and elaborates in his memorandum of law. (*See* Doc. 33 at PageID# 479).  The Court can find no mention of a heightened pleading standard in the R&R. (Doc. 30).  The Magistrate Judge, both by recitation and in substance, applies the normal Rule 12(b)(6) standard, as is appropriate on a motion for judgment on the pleadings. (*See, e.g.*, Doc. 30 at 3).  Vo's objection is not well-taken.

Vo's fifth objection states certain Defendants can also be held liable for "failure to adequately train, supervise, or discipline employees." (*See* Doc. 33 at PageID# 482 (citing *Owen v. City of Independence*, 445 U.S. 622, 650 (1980)).  The referenced-case, *Owen*, states in a footnote that "the threat of §1983 liability against the city ought to increase the attentiveness with which officials at the higher levels of government supervise the conduct of their subordinates." 445 U.S. 622, 652 n.36 (1980).   But Vo's characterization makes it sound like that case has imputed §1983 liability to any municipal entity that has negligently hired or supervised.  That is simply not the case.  In any event, Vo has not alleged a failure to adequately train, supervise or discipline employees in his amended complaint. (Doc. 22).  Thus, his objection fails.

Vo's sixth objection states, "[t]he magistrate erred when it failed to note that plaintiff sued Ohio department of jobs and family services and not only WCCS."  (Doc. 33 at PageID# 468).  Vo's complaint indeed names Ohio JFS as a party. (Doc. 22).  But

3

other than merely identifying Ohio JFS as a party, the complaint thereafter says nothing at all about that entity's conduct or how it is even involved. Accordingly, dismissal of Ohio JFS would be appropriate simply because Vo does not plead that Ohio JFS has done anything. For what it is worth, the Magistrate Judge would have no reason to address accusations against Ohio JFS because, effectively, there are none. Accordingly, this objection is not well-taken.

Vo's seventh objection is either a typo or incomprehensible and is not well-taken.

In his eighth objection, Vo says the Magistrate erred in not permitting an amendment. (Doc. 33 at PageID# 468). At the time this objection was filed, the Magistrate Judge had permitted all amendments requested of it by motion. Plaintiff had made another informal request that the Magistrate Judge properly denied as lacking good cause. (Doc. 30 at 9-10). Thus, this objection is not persuasive.

The ninth and tenth objections are recitations. The ninth states, "Defendants violated Plaintiff's due process rights by denying him the right to a fair and impartial investigation by case workers," and the tenth states "[t]he trial court erred when it granted judgment as a matter of law in favor of Defendants." (Doc. 33 at PageID# 468). The R&R comprehensively demonstrates why neither of those objections hold weight. Accordingly, Vo's objections are again not well-taken.

Finally, Vo, in what seems like an elaboration on all his objections, states that "the Magistrate Judge accepted Defendant's version of the facts without holding an evidentiary hearing." (Doc. 33 at PageID# 469). The Magistrate Judge has done something closer to the opposite, accepting as true Vo's well-pleaded facts. As covered

4

by the Magistrate Judge in the R&R, Vo's pleaded facts do not amount to a basis for relief, and a hearing is not going to change that. Thus, this objection is not well-taken.

Vo also filed a motion for leave to file a second amended complaint. (Doc. 34). The Magistrate Judge has recommended denying that motion in a second R&R. (Doc. 38). Vo has not timely filed objections to the second R&R. The Court has reviewed the second R&R, is satisfied that there is nothing clearly erroneous or contrary to law on the face of the record, and accepts the Magistrate Judge's recommendations. Fed. R. Civ. P. 72.

Accordingly, for these reasons:

1. The Reports and Recommendations (Docs. 30, 38) are hereby **ADOPTED.**

2. Plaintiff's objections (Doc. 33) are **OVERULLED**.

3. Plaintiff's motion to take judicial notice (Doc. 16) and motion for an extension to respond to the first R&R (Doc. 31) are **DENIED as moot**.

4. Defendants' motion for judgment on the pleadings (Doc. 24) is **GRANTED**.

5. Plaintiff's motion for leave to amend (Doc. 34) is **DENIED**.

6. The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal of this Order would not be taken in good faith and therefore Plaintiff is denied leave to appeal *in forma pauperis*; and

7. Plaintiff's complaint is **DISMISSED,** and this case will be **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

Date:  3/31/2022

   *s/Timothy S. Black*
   Timothy S. Black
   United States District Judge

5